# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1 | Brandon L. Fake, Susan B. Fake, | ) |
| 2 | Caitlin B. Fake,  *Plaintiffs* | ) |
| 3 | v. | ) |
| 4 | Commonwealth of Pennsylvania, Pennsylvania AG | ) |
| 5 | City of Philadelphia, District Attorneys Office, | ) |
| 6 | Philadelphia Court of Common Pleas, | ) |
| 7 | Supreme Court of PA, Superior Court of PA, | ) |
| 8 | Kevin M. Dougherty, *individual and officially,* | ) |
| 9 | Margaret T. Murphy, *individual and officially,* | ) |
| 10 | Patrick J. Murphy, *individual and officially,* | ) |
| 11 | Holly J. Ford, *individual and officially,* | ) |
| 12 | Joel S. Johnson, *individual and officially,* | ) |
| 13 | Maria C. McLaughlin, *individual and officially,* | ) |
| 14 | Diane R. Thompson, *individual and officially,* | ) |
| 15 | Daniel R. Sulman, *individual and officially,* | ) |
| 16 | Wayne M. Bennett, *individual and officially,* | ) |
| 17 | Anita N. Botchway, *individual and officially,* | ) |
| 18 | William H. Ketterlinus, *individual and officially,* | ) |
| 19 | Robert A. Graci, *individual and officially,* | ) |
| 20 | Judicial Conduct Board, *all individuals of record,* | ) |
| 21 | Martha Gale, *individual and officially,* | ) |
| 22 | Rufus Seth Williams, *individual and officially,* | ) |
| 23 | Gerald Rocks, *individual and officially,* | ) |
| 24 | Brian Zarallo, *individual and officially,* | ) |
| 25 | Thomas W. Wolf, *official capacity,* | ) |
| 26 | Joshua D. Shapiro, *official capacity,* | ) |
| 27 | Sheila A. Woods-Skipper, *official capacity,* | ) |
| 28 | Walter J. Olszewski, *official capacity,* | ) |
| 29 | Susan P. Gantman, *official capacity,* | ) |
| 30 | Kate Ford Elliot, *official capacity,* | ) |
| 31 | John L. Musmanno, *official capacity,* | ) |
| 32 | Victor P. Stabile, *official capacity,* | ) |
| 33 | Mary Jane Bowes, *official capacity,* | ) |
| 34 | Mary P. Murray, *official capacity,* | ) |
| 35 | James F. Kenney, *official capacity,* | ) |
| 36 | Lawrence S. Krasner, *official capacity,* | ) |
| 37 | John "Johnny Doc" Dougherty, *individually,* | ) |
| 38 | Gerald J. Pappert, *individually,* | ) |
| 39 | Dianne J. Fake, *individually,* | ) |
| 40 | John and Mary Clark, *individually,* | ) |
| 41 | Sarah R. Katz, *individually,* | ) |
| 42 | Allyson Totaro, *law firm and individually,* | ) |
| 43 | Erik J. Conrad, *law firm and individually,* | ) |
| 44 | Karen A. Ulmer, *law firm and individually,* | ) |
| 45 | Russell J. Manning, *individually,* | ) |
| 46 | *Defendants* | ) |
| 47 | | ) |

Civil Action No._____

**VERIFIED COMPLAINT:**

Civil RICO
   18 U.S.C. § 1962

Civil Cause of Action
   42 U.S.C. §§ 1983, 1985, 1986, 1988
   28 U.S.C. § 1443

Violations of Federal Laws, Civil Rights, Constitutional Rights, State and Federal Statutes;

   U.S. Constitution Amendments I, IV
   V, VIII, XI, XIII, XIV

   18 U.S.C. §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1342, 1343, 1505, 1510, 1581, 1584, 1589, 1621, 1951, 1961-1968, 2382

   22 U.S.C. § 7102

   28 U.S.C. §§ 455, 2201

   31 U.S.C. § 3729

   42 U.S.C. §§ 1983, 1985-1988, 2000d, 2000h-2,

   Pennsylvania Constitution Articles V §§ 17-18, VI § 3,

   207 Pa. Code § 15-4

   18 Pa.C.S. §§ 903, 911, 2901, 2904, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301,

**JURY TRIAL DEMANDED**

**VERIFIED COMPLAINT**

NOW COMES Plaintiff(s), Brandon L. Fake, Susan B. Fake and Caitlin B. Fake, *Pro Se/Pro Per/Sui Juris,* natural citizens of the United States of America with all rights and guarantees as defined and declared in the Constitution of the United States, hereby requests this Honorable Court commence Due Process for this Verified Complaint of civil racketeering in peonage and human trafficking for involuntary servitude and the commission of Federal and State crimes, Federal questions involved, herein asserting violations of Plaintiff(s) liberty interests, fundamental rights and loss of property as described in this unprecedented prima facie case of fraud upon the court which is supported by established facts of record in related cases to this cause of action.

**TABLE OF CONTENTS**

VERIFIED COMPLAINT............................................................................................2

JURISDICTION AND VENUE...............................................................................3

PARTIES.................................................................................................4-13

RESERVATION OF RIGHTS DUE TO FRAUD UPON THE COURT............................13

NOTICE OF RELATED CASES OF RECORD.......................................................13-14

DESIGNATION OF RECORD...............................................................................14

STATEMENT OF CLAIM, Plaintiff, Brandon L. Fake............................................14-17

CAUSES OF ACTION....................................................................................18-74

STATEMENT OF CLAIM, Plaintiff, Susan B. Fake.................................................75

CAUSES OF ACTION....................................................................................75-77

STATEMENT OF CLAIM, Plaintiff, Caitlin B. Fake................................................78

CAUSES OF ACTION....................................................................................79-81

SUMMARY AND PRAYER FOR RELIEF.............................................................82

VERIFICATIONS.....................................................................................

## JURISDICTION AND VENUE

1. This District Court of the United States has original, concurrent, and supplementary jurisdiction pursuant to 28 USC § 1331, 28 USC § 2283 and 18 USC §§ 1962, 1964; under 28 USC § 1367(a) for all claims alleged under Supplemental Jurisdiction; and further, in compliance with 29 USC § 701 civil actions arising under Acts of Congress, such as the Vocational Rehab. Act of 1973 and the Social Security Act generally. 28 USC § 455 is fully incorporated within this document.

2. Jurisdiction and pendant claims are further supported by federal questions raised herein under the Constitution of the United States under Amendments I, IV, V, VIII, XI, XIII, XIV, and federal laws including Title IV of the Social Security Act generally and 42 U.S.C. §§ 652 (a)(8), 666; the RICO Act pursuant to 18 USC §§ 1961-1965 and specifically § 1962; the Administrative Procedure Act (APA) under 5 USC §§ 701-706; and 42 USC § 1983 and 42 USC §§ 2000d-7, 2000h-2, 12202, 12203, 12205. Defendant No. 6 has granted removal under 28 USC § 1443.

3. Supplemental jurisdiction is requested for adjudication of civil claims and remedies under 18 Pa. C.S. § 911 Corrupt Organizations and applicable statutes.

4. This Court has well established authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 USC §§ 2201, 2202, 2283, and pursuant to F.R.Cv.P. Rule 57. Removal under 28 USC § 1443 has been effectuated.

5. Venue and process is proper in this U.S. District Court, pursuant to 18 USC § 1965 (a), (b) and (d) for all claims under 18 USC §§ 1962 and 1964; the ends of justice demands and requires that 18 USC § 1965 (a), (b) and (d) are invoked as all named defendants were instrumental and played critical roles in the enabling and performance of the criminal acts and omissions constituting civil violations of 18 USC §1962, as further defined herein. Many events, offenses and omissions committed by defendants, individually and collectively for the benefit of themselves and/or their organizations named herein are of a nature affecting interstate commerce, including injuries and damages.

# PARTIES

## Plaintiffs

1. Brandon L. Fake (hereinafter "Plaintiff No.1"), an adult citizen of the United States of America with all rights and guarantees as defined and declared in the Constitution of the United States and exercised herein. Plaintiff No. 1 previously resided in Commonwealth of Pennsylvania and currently resides in State of Ohio.

2. Susan B.  Fake (hereinafter "Plaintiff No.2"), an adult citizen of the United States of America with all rights and guarantees as defined and declared in the Constitution of the United States and exercised herein. Plaintiff No. 2 currently resides in the State of Ohio.

3. Caitlin B. Fake (hereinafter "Plaintiff No.3"), an adult citizen of the United States of America with all rights and guarantees as defined and declared in the Constitution of the United States and exercised herein. Plaintiff No. 3 currently resides in the Commonwealth of Pennsylvania.

## Defendants

1. Commonwealth of Pennsylvania (hereinafter "Defendant No.1"), is a state within the boundaries of the United States of America and subject to the Laws and Constitution of the United States. The Commonwealth of Pennsylvania has received Federal funding through acts of fraud and has given unequivocal consent for this matter to be heard in Federal Court and has waived Eleventh Amendment Immunity for the unlawful actions of the named individuals described herein.

2. Pennsylvania Office of Attorney General (hereinafter "Defendant(s) No.2"), is the top law enforcement agency within the state government of the Commonwealth of Pennsylvania. Defendant No.2 is responsible for the protection of its citizens and agencies from violations and encroachments of state law. Pennsylvania Office of Attorney General has given unequivocal consent by omission after being legally notified of this matter on numerous occasions.

4

3. City of Philadelphia (hereinafter "Defendant(s) No.3"), is a municipality incorporated within the Commonwealth of Pennsylvania subject to its laws and Constitution as well as Federal Law and Constitution of the United States. The City of Philadelphia has executive authority over the Philadelphia District Attorney's Office, city agencies and the residents of the city and county of Philadelphia.

4. Philadelphia District Attorney's Office (hereinafter "Defendant(s) No.4"), is the agency which represents the Commonwealth of Pennsylvania and the City and County of Philadelphia within that jurisdiction in crimes and other prosecutions.

5. Philadelphia Court of Common Pleas (hereinafter "Defendant(s) No.5/Criminal Enterprise"), is a court of general jurisdiction within the Commonwealth of Pennsylvania and is funded through the state budget which receives Federal funding. The Philadelphia Court of Common Pleas has acted as a Criminal Enterprise as defined, described and asserted herein.

6. Supreme Court of Pennsylvania (hereinafter "Defendant(s) No.6"), is the highest court within the Commonwealth of Pennsylvania and wields the power and authority to waive judicial immunity for corrupt judicial officers which has effectively been accomplished on four occasions with unequivocal written consent for this case to proceed in United States District Court as evidenced herein.

7. Superior Court of Pennsylvania (hereinafter "Defendant(s) No.7"), is the appellate court responsible for correcting the mistakes and violations of lower court when fraud and violations of statutes and rules of court have occurred on the record.

8. Kevin M. Dougherty (hereinafter "Defendant No.8"), is an associate justice on the Supreme Court of Pennsylvania, Defendant No.8 has acted as an individual under color of law when he assembled and administered the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2016. Judicial immunity for Defendant No. 8 has been waived by the Supreme Court of Pennsylvania through written documents of record.

9. Margaret T. Murphy (hereinafter "Defendant No.9"), is the current administrator of the Criminal Enterprise and assisted in the assembly thereof, Defendant No.9 has acted as an individual under color of law when she assembled and administered the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2020. Judicial immunity for Defendant No. 9 has been waived by the Supreme Court of Pennsylvania through written documents of record.

10. Patrick J. Murphy (hereinafter "Defendant No.10"), is an officer of the court by and through registration as a bar member in the Supreme Court of Pennsylvania, Defendant No.10 attempted to gain a position of public trust when he lost a bid for the position of Pennsylvania Attorney General in 2012 and had previously served as an elected official in the US House of Representatives for the 8th district of Pennsylvania 2006-2010 and later went on to serve as the Under Secretary of the Army during the above time period he was an active participant in the racketeering activity described herein. Defendant No.10 has no entitlement to immunity due to his involvement in fraud upon the court and racketeering activity.

11. Holly J. Ford (hereinafter "Defendant No.11"), is an officer of the court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2020. Judicial immunity for Defendant No. 11 has been waived by the Supreme Court of Pennsylvania through written documents of record.

12. Joel S. Johnson (hereinafter "Defendant No.12"), is an officer of the court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2020. Judicial immunity for Defendant No. 12 has been waived by the Supreme Court of Pennsylvania through written documents of record.

13. Maria C. McLaughlin (hereinafter "Defendant No.13"), is currently an appellate judge on the Pennsylvania Superior Court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2020. Judicial immunity for Defendant No. 13 has been waived by the Supreme Court of Pennsylvania through written documents of record.

14. Diane R. Thompson (hereinafter "Defendant No.14"), is an officer of the court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2009-2020. Judicial immunity for Defendant No. 14 has been waived by the Supreme Court of Pennsylvania through written documents of record.

15. Daniel R. Sulman (hereinafter "Defendant No.15"), is an officer of the court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2020. Immunity for Defendant No. 15 has been waived by the Supreme Court of Pennsylvania through written documents of record.

16. Wayne M. Bennett (hereinafter "Defendant No.16"), is an officer of the court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal conspiracy with named defendants described herein, during the years of 2004-2020. Immunity for Defendant No. 16 has been waived by the Supreme Court of Pennsylvania through written documents of record.

17. Anita N. Botchway (hereinafter "Defendant No.17"), is an officer of the court and has acted as an individual under color of law when actively participating in the Criminal Enterprise through a pattern of racketeering activity and criminal

1    conspiracy with named defendants described herein, during the years of 2005-2020.
2    Immunity for Defendant No. 17 has been waived by the Supreme Court of
3    Pennsylvania through written documents of record.

4    18. William H. Ketterlinus (hereinafter "Defendant No.18"), is an officer of the
5    court and has acted as an individual under color of law when actively participating
6    in the Criminal Enterprise through a pattern of racketeering activity and criminal
7    conspiracy with named defendants described herein, during the years of 2014-2020.
8    Immunity for Defendant No. 18 has been waived by the Supreme Court of
9    Pennsylvania through written documents of record.

10    19. Robert A. Graci (hereinafter "Defendant No.19"), is an officer of the court and
11    has acted as an individual under color of law when actively participating in
12    obstruction of justice during investigations of the Criminal Enterprise through a
13    pattern of racketeering activity and criminal conspiracy within the Judicial Conduct
14    Board of Pennsylvania and with named defendants described herein, during the
15    years of 2004-2020. Judicial immunity for Defendant No. 19 has been waived by the
16    Supreme Court of Pennsylvania through written documents of record.

17    20. Judicial Conduct Board (hereinafter "Defendant(s) No.20"), is a twelve
18    member board which has the authority and sworn duty to uphold Pennsylvania Law
19    and the Constitution of Pennsylvania when reports of criminal and unethical
20    misconduct are presented with credible evidence of record as described herein.
21    Judicial immunity for Defendant(s) No. 20 has been waived by the Supreme Court
22    of Pennsylvania through written documents of record.

23    21. Martha Gale (hereinafter "Defendant No.21"), is an officer of the court at the
24    highest level of administration within the Supreme Court of PA and has acted as an
25    individual under color of law when actively participating in obstruction of justice
26    and a pattern of racketeering activity, perjury and criminal conspiracy with named
27    defendants described herein. Judicial immunity for Defendant No. 21 has been
28    waived by the Supreme Court of Pennsylvania through written documents of record.

22. Rufus Seth Williams (hereinafter "Defendant No.22"), was the former district attorney of Philadelphia and was indicted and pled guilty to Federal Crimes and is currently incarcerated under the FCI No. 75926-066. Defendant No. 22 has acted as an individual under color of law when actively participating in obstruction of justice and a pattern of racketeering activity and criminal conspiracy with named defendants described herein. Immunity for Defendant No. 22 has been waived by the Supreme Court of Pennsylvania through written documents of record.

23. Gerald Rocks (hereinafter "Defendant No.23"), is currently a detective in the Philadelphia District Attorney's Office and has acted as an individual under color of law when actively participating in obstruction of justice and a pattern of racketeering activity and criminal conspiracy with named defendants described herein. Immunity for Defendant No. 23 has been waived by the Supreme Court of Pennsylvania through written documents of record.

24. Brian Zarallo (hereinafter "Defendant No.24"), is currently a Chief Deputy Attorney General in the Commonwealth of Pennsylvania and previously held high level positions under Seth Williams. Brian Zarallo has acted as an individual under color of law when actively participating in obstruction of justice and a pattern of racketeering activity and criminal conspiracy with named defendants described herein. Immunity for Defendant No. 24 has been waived by the Supreme Court of Pennsylvania through written documents of record.

25. Thomas W. Wolf (hereinafter "Defendant No.25"), is currently the governor of the Commonwealth of Pennsylvania and has been duly notified of the activity of the Criminal Enterprise in 2016 by and through Certified Mail and filings of record. Thomas W. Wolf has failed to uphold his sworn oath to the Constitution.

26. Joshua D. Shapiro (hereinafter "Defendant No.26"), is currently the Attorney General of Pennsylvania and is the official responsible for law enforcement and the protection of citizens of the Commonwealth of Pennsylvania. Joshua D. Shapiro has failed to uphold his sworn oath to the Constitution.

27. Sheila A. Woods-Skipper (hereinafter "Defendant No.27"), is currently a judicial officer and was previously the President Judge of the Court of Common Pleas during the reporting and operation of the Criminal Enterprise. Sheila A. Woods-Skipper has failed to uphold her sworn oath to the Constitution.

28. Walter J. Olszewski (hereinafter "Defendant No.28"), is currently the Supervising Judge of the Criminal Enterprise and has been duly notified of the criminal activity and judicial misconduct taking place under his supervision. Walter J. Olszewski shares undeniable personal nepotistic relationships with named defendants described herein. It is unclear if Defendant No.28 has failed to uphold his sworn oath to the Constitution, pending investigations and discovery in this case to determine his role within the Criminal Enterprise.

29. Susan P. Gantman (hereinafter "Defendant No.29"), is currently the President Judge Emeritus of the Superior Court of Pennsylvania and has been duly notified on the record of criminal activity and judicial misconduct within the Criminal Enterprise. It is unclear if Defendant No.29 has failed to uphold her sworn oath to the Constitution, pending investigations and discovery in this case to determine her role.

30. Kate Ford Elliot (hereinafter "Defendant No.30"), is currently a judicial officer in the Superior Court of Pennsylvania and has been duly notified on the record of criminal activity and judicial misconduct within the Criminal Enterprise. It is unclear if Defendant No.30 has failed to uphold her sworn oath to the Constitution, pending investigations and discovery in this case to determine her role.

31. John L. Musmanno (hereinafter "Defendant No.31"), is currently a judicial officer in the Superior Court of Pennsylvania and has been duly notified on the record of criminal activity and judicial misconduct within the Criminal Enterprise. It is unclear if Defendant No.31 has failed to uphold his sworn oath to the Constitution, pending investigations and discovery in the case to determine his role.

1   32. Victor P. Stabile (hereinafter "Defendant No.32"), is currently a judicial officer
2   in the Superior Court of Pennsylvania and has been duly notified on the record of
3   criminal activity and judicial misconduct within the Criminal Enterprise. It is
4   unclear if Defendant No.32 has failed to uphold his sworn oath to the Constitution,
5   pending investigations and discovery in this case to determine his role.

6   33. Mary Jane Bowes (hereinafter "Defendant No.33"), is currently a judicial
7   officer in the Superior Court of Pennsylvania and has been duly notified on the
8   record of criminal activity and judicial misconduct within the Criminal Enterprise.
9   It is unclear if Defendant No.33 has failed to uphold her sworn oath to the
10  Constitution, pending investigations and discovery to determine her role.

11  34. Mary P. Murray (hereinafter "Defendant No.34"), is currently a judicial officer
12  in the Superior Court of Pennsylvania and has been duly notified on the record of
13  criminal activity and judicial misconduct within the Criminal Enterprise. It is
14  unclear if Defendant No.34 has failed to uphold her sworn oath to the Constitution,
15  pending investigations and discovery to determine her role.

16  35. James F. Kenney (hereinafter "Defendant No.35"), is currently the Mayor of
17  Philadelphia and has been duly notified of the criminal activity and judicial
18  misconduct of individuals whom he shares personal nepotistic relationships with.
19  James F. Kenney has failed to uphold his sworn oath to the Constitution.

20  36. Lawrence S. Krasner (hereinafter "Defendant No.36"), is currently the District
21  Attorney of Philadelphia and has been duly notified of the criminal activity and
22  judicial misconduct of the Criminal Enterprise as evidenced herein. It is unclear if
23  Defendant No.36 has failed to uphold his sworn oath to the Constitution, pending
24  investigations and discovery in this case to determine his role.

25  37. John "Johnny Doc" Dougherty (hereinafter "Defendant No.37"), is currently
26  under Federal indictment and the brother of Defendant No.8, has personally and
27  financially contributed to the establishment of the Criminal Enterprise. The scope
28  of involvement of Defendant No.37 is unclear pending investigations and discovery.

38. Gerald J. Pappert (hereinafter "Defendant No.38"), is an individual who is currently acting as a Federal judge in the complete absence of all jurisdiction due to overt acts in direct willful violation of Federal Law 28 U.S.C. § 455 and his sworn oath to the Constitution of the United States.

39. Dianne J. Fake (hereinafter "Defendant No.39"), is an individual and resident of the Commonwealth of Pennsylvania. Dianne J. Fake has indisputable personal nepotistic relationships with named defendants and has engaged in criminal acts of blackmail, bribery and conspiracy with the Criminal Enterprise, evidenced herein. Defendant No.39 is the ex-spouse of Plaintiff No.1 and mother of Plaintiff No.3.

40. John and Mary Clark (hereinafter "Defendant(s) No.40"), are a married couple and parents of Defendant No.39. Defendant(s) No.40 have indisputable personal nepotistic relationships with named defendants who have engaged in criminal acts of blackmail, bribery, conspiracy with the Criminal Enterprise, evidenced herein.

41. Sarah R. Katz (hereinafter "Defendant No.41"), is an individual and officer of the court provided by the Criminal Enterprise to represent Defendant No.39 under a conflict of interest to protect the criminal activity evidenced herein. Defendant No.41 is not entitled to immunity unless it has been offered by a US Attorney.

42. Allyson Totaro (hereinafter "Defendant No.42"), is an individual and officer of the court and has engaged in fraud upon the court to influence and predetermine the case involving her high school friend and client Defendant No.39. Allyson Totaro shares personal nepotistic relationships and conflicts of interest with named defendants within the Criminal Enterprise. Defendant No.42 is not entitled to immunity unless it has been offered by a US Attorney.

43. Erik J. Conrad (hereinafter "Defendant No.43"), is an individual and officer of the court and has been witness to fraud upon the court by named defendants. Erik Conrad has failed to uphold his obligations as counsel to Plaintiff No.1. Defendant No.43 is not entitled to immunity unless it has been offered by a US Attorney.

44. Karen A. Ulmer (hereinafter "Defendant No.44"), is an individual and officer of the court and has engaged in fraud upon the court to influence and predetermine the case involving her high school friend Defendant No.39. Karen A. Ulmer shares personal nepotistic relationships and conflicts of interest with named defendants within the Criminal Enterprise. Defendant No.44 is not entitled to immunity.

45. Russell J. Manning (hereinafter "Defendant No.45"), is an individual and officer of the court and has engaged in fraud upon the court to influence and predetermine the case involving the high school friend of his boss. Russell J. Manning acted under a conflict of interest and has failed to uphold his obligations as counsel to Plaintiff No.1. Defendant No.45 is not entitled to immunity.

## RESERVATION OF RIGHTS DUE TO FRAUD UPON THE COURT

46. Pursuant to the Federal Rules of Civil Procedure, Rules 8, 15, 18 and 20, Plaintiff(s) explicitly reserves their rights to amend this and all subsequent pleadings, should future fraud, events and/or discoveries prove that there has been a failure to adequately comprehend the full extent of the criminal activity and damages which Plaintiff(s) have suffered at the hands of the Defendants and other involved parties, both named and unnamed, now and always in the future. The very nature of these claims which involves overt acts of fraud upon the court do not toll to any statute of limitations and are forever reserved in the interest of justice.

## RELATED CASES OF RECORD

47. U.S. District Court for the Eastern District of PA, Civil Action No. 16 cv 3893, Civil Action No. 17 cv 3636.

48. U.S. District Court for the Middle District of PA, Civil Action No. 17 cv 2242.

49. United States Court of Appeals for the Third Circuit, Docket No. 17-1173, Docket No. 17-3590, Docket No. 18-2324, Docket No. 19-2377, Docket No. 19-3912.

1    50. Supreme Court of the United States, Docket No. 17-7184.

2    51. Philadelphia Court of Common Pleas, Domestic Relations Division,
3    Docket No. 04-07331 and Docket No. OC0601812.

4    52. Supreme Court of Pennsylvania, Docket No. 485 EAL 2016, 489 EAL 2017,
5    491 EAL 2017, 492 EAL 2017, 174 EAL 2018, 175 EAL 2018, 50 EM 2018,    381
6    EAL 2018, 382 EAL 2018, 129 ET 2019, 333EAL 2019.

7    53. Superior Court of Pennsylvania, Docket No. 1931 EDA 2006, 1069 EDA 2007,
8    2218 EDA 2007, 2740 EDA 2009, 2192 EDA 2015, 2618 EDA 2016, 2619 EDA 2016,
9    3604 EDA 2017, 3683 EDA 2017, 1261 EDA 2018, 1477 EDA 2018, 1091 EDA 2019,
10   1125 EDA 2019, 2377 EDA 2019, 2401 EDA 2019.

11   **DESIGNATION OF RECORD**

12   54. Plaintiffs are proceeding based on the assertion that the entire records of court
13   as stated above and political subdivision records applicable and associated with
14   Plaintiffs' case, related cases and all investigation records requested through the
15   Freedom of Information/Privacy Act will be made available to this Honorable Court
16   upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 and
17   902 of the Federal Rules of Evidence, the Full Faith and Credit Clause contained
18   under U.S. CONST. ARTICLE IV, and 28 U.S.C. § 1449.

19   **STATEMENT OF CLAIM, Plaintiff No.1, Brandon L. Fake**

20   55. Plaintiff No.1, Brandon L. Fake, a United States Citizen has had his civil,
21   Constitutional and Unalienable rights infringed upon by the named Defendants
22   under color of Law which has subsequently caused serious injury to his health,
23   liberties and loss of personal property. This claim involves Federal questions by way
24   of the denial by named Defendants of rights protected under the United States
25   Constitution, Federal and State Law. Defendants have acted in willful violation of
26   State and Federal criminal statutes and the agencies responsible for taking
27   appropriate action have conspired to conceal crimes and obstruct justice.

56. Defendant No.5/Criminal Enterprise, Philadelphia Court of Common Pleas has acted not as a court of jurisdiction but as a Criminal Enterprise which has used its authority, influence and power to extort personal property through commission of Fraud and willful deprivation of rights under color of law and conflicts of interest.

57. The Criminal Enterprise was created on or about the year 2004 and has continued to operate as a Criminal Enterprise, up to and including the present date, as defined under 18 U.S.C. §§ 1961- 1962 and 18 Pa. C.S. § 911.

58. The Criminal Enterprise is a corrupt organization which has conducted a pattern of criminal violations through a criminal conspiracy involving Defendant(s) No.8 through Defendant(s) No.24, Defendant(s) No.37 through Defendant(s) No.45, each to be listed herein with their involvement in the deprivation of Plaintiff(s) rights under color of law and the crimes they are accused of committing.

59. Kevin M. Dougherty, Defendant No.8 has criminally conspired with his brother John Dougherty, Defendant No. 37, Margaret T. Murphy, Defendant No.9 and Patrick J. Murphy, Defendant No.10 to infiltrate the Philadelphia Court of Common Pleas by placing criminal actors in positions of public trust through illegal campaign contributions and referrals of nepotistic individuals with knowledge that their actions can be influenced for future illegal activity of the Criminal Enterprise.

60. The Criminal Enterprise has engaged in a pattern of criminal activity which includes overt acts of kidnapping, human trafficking, extortion, perjury, abuse of office, official oppression, robbery, bribery, fraud, fraud upon the court, conspiracy against rights, willful deprivation of rights under color of law, conspiracy, conspiracy to defraud the Government, false claims, conspiracy to commit offense to defraud United States, falsified statements, possession of false papers used to defraud United States, fraudulent demands against the United States, Major Fraud Against the United States, Frauds and Swindles, Obstruction of Proceedings before Departments, Obstruction of Criminal Investigations, Interference with Commerce by Threats, Peonage, Sale into involuntary servitude, Forced labor, Racketeering.

1    61. It has been irrefutably established for the record that conflicts of interest exist
2    within the Administration of the Criminal Enterprise which directly link Defendant
3    No.9 and Defendant No.10 to Defendant No.39 and Defendant(s) No.40 through
4    close family relationships which have been used to predetermine matters in direct
5    violation of the Constitutional rights of Plaintiff No.1. Sworn affidavit(s) of record
6    which have never been contested are evidenced herein.

7    62. When the record of court in the Criminal Enterprise is reviewed it becomes
8    abundantly clear that a Fraud Upon the Court has been enacted which has
9    prohibited the Constitutional guarantees of Plaintiff No.1 and the violations of rules
10   and procedures are evident within the record itself.

11   63. The Criminal Enterprise has engaged in a pattern of Fraud by and through
12   the creation of fraudulent orders of court which have been used to extort large sums
13   of money from Plaintiff No.1 and those extorted amounts were then used to conduct
14   acts of fraud against the United States Government in a scheme to defraud Social
15   Security Funds through the unlawful enforcement of a fraudulent order of court.

16   64. The Criminal Enterprise proceeded to take unlawful and unconstitutional
17   actions to enforce the fraudulent orders of court in direct violation of Federal Law,
18   State Law and the Constitutional rights of Plaintiff No.1.

19   65. Plaintiff No.1 has been unlawfully incarcerated as a direct result of the Fraud
20   Upon the Court enacted within the Criminal Enterprise on no less than 15
21   occasions for the financial gain of the Criminal Enterprise through involuntary
22   servitude, human trafficking and debt peonage created by the overt acts of fraud in
23   this case as established on the record and evidenced herein.

24   66. The Criminal Enterprise has destroyed and falsified official court records in an
25   unlawful attempt to obstruct justice and conceal the commission of crimes within
26   the Administration of the Criminal Enterprise directly involving Defendant No.8,
27   Defendant No.9, Defendant(s) No.11 through Defendant No.24 as evidenced within
28   the record, witness statement of Joseph Kearney and sworn affidavit(s).

67. Defendant No.8 and Defendant No.9 have used their Administrative and Supervisory authority within the Criminal Enterprise to willfully obstruct justice and knowingly violate the civil and Constitutional rights of Plaintiff No.1 by and through the operation of the Criminal Enterprise as a corrupt system of nepotism and cronyism which has been inundated and infiltrated with close personal accomplices and family members improperly positioned to ensure the unrestricted operation of criminal activity shown within the record and investigatory evidence.

68. Defendant(s) No.8 through Defendant(s) No.24, Defendant(s) No.37 through Defendant(s) No.45 have engaged in a pattern of overt criminal acts which are clearly defined under the RICO statute and Federal and State criminal statutes as well as willful violations of the United States Constitution and Pennsylvania Constitution as described and evidenced herein with supporting documentation.

69. The criminal acts under the RICO statute and other applicable statutes have been duly reported in writing to Defendant(s) No.1, No.2, No.3, No.4, No.5, No.6, No.7, No.8, No.9, No.19, No.20, No.21, No.22, No.23, No.24, No.25, No.26, No.27, No.28, No.29, No.30, No.31, No.32, No.33, No.34, No.35, No.36, No.38, No.43, No.44, and No.45 all of whom have the authority and duty to their sworn oath(s) to take the appropriate actions to properly investigate and correct the matter. None of the named Defendants have taken any actions whatsoever to put a stop to the ongoing Criminal Enterprise or to discipline the criminal actors involved, having the authority and jurisdiction to do so. The above named Defendants have chosen to willfully deprive Plaintiff No.1 of his civil and Constitutional rights in this matter.

70. Plaintiff No.1 will provide substantiating evidence for this United States Court which will demonstrate how the Criminal Enterprise and named Defendants have criminally conspired to defraud the United States Government and its citizens out of Title IV, Social Security Funds in a pattern of fraud and willful violations of Law, civil and Constitutional rights under color of law for the express purpose of creating a human trafficking enterprise funded by the Commonwealth of Pennsylvania as evidenced herein with full discovery and due process rights.

<u>**CAUSES OF ACTION**</u>

**I. Defendant No.1-Commonwealth of Pennsylvania**

1. The Commonwealth of Pennsylvania, Defendant No.1 is being sued under 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

2. Defendant No.1 has been duly notified of the extreme magnitude of the civil and criminal offenses taking place within their agencies and court system. Having been given proper notification and supporting evidence through filed complaints, documentation and reports, Defendant No.1 has failed to uphold its oath and obligations to correct and put an end to the serious matters as they are required to do so. Failure to provide the proper intervention in this matter has created liability for Defendant No.1 under 42 USC §§ 1983, 1985, 1986, 1988 in excess of $1 million.

3. Defendant No.1 has provided the budget and financial resources for the Criminal Enterprise to succeed in their path of civil and Constitutional violations under color of law. Without the necessary financial means, the Criminal Enterprise would have been incapable of the destruction it has caused to Plaintiff(s) named and unnamed. The budget and financial resources provided to the Criminal Enterprise have been obtained by Defendant No.1 almost entirely from Federal Government grants, incentives and programs which by law require that Defendant No.1 waive sovereign immunity in matters that arise in disputes related to such funding, Title IV Part A,B,D,E and 42 USC §§ 2000d, 2000h-2 apply. Damages to be determined.

4. Notwithstanding the above Federal Law, Defendant No.1 has given unequivocal consent and waiver of Eleventh Amendment for Federal intervention to determine the proper remedy of this unprecedented matter in an impartial United States District Court by an Article III Judge who has no connection whatsoever or the appearance of any conflicts of interest with any of the named Defendants in this matter as required under 28 U.S.C. § 455 and the Due Process Clause.

## II. Defendant(s) No.2-Pennsylvania Office of Attorney General

5. Pennsylvania Office of Attorney General, Defendant(s) No.2 has been tasked with the legal responsibility and obligation to uphold the law and impartially investigate all credible claims of encroachments and violations of law, civil and Constitutional rights. Defendant(s) No.2 is being sued under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter.

6. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant(s) No.2 beginning in 2006 by and through official complaints and reports by Plaintiff No.1. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant(s) No.2 that is related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

7. Defendant(s) No.2 have utterly failed to perform their sworn duties and obligations to Defendant No.1 and citizens of the Commonwealth of Pennsylvania. The direct result of the dereliction of duty by Defendant(s) No.2 is the compounded and exacerbated damages created by the Criminal Enterprise. The failure of Defendant(s) No.2 to provide Due Process and Equal Protections of the Law has created insurmountable damages and costs to Plaintiff(s) named and unnamed.

## III. Defendant No.3-City of Philadelphia

8. The City of Philadelphia, Defendant No.3 and its agencies of Department of Human Services (DHS herein), Philadelphia Police Dept., Philadelphia Sherriff's Office, Philadelphia Dept. of Prisons are being sued under 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443, 22 USC § 7102, 18 PaCS § 911, 18 PaCS §§ 3002, 3003, 3004 related to trafficking of persons. Defendant No.3 is not entitled to any type of sovereign immunity under the Eleventh Amendment or any other type of immunity it might claim due to Defendant No.3 being an integral part of the Criminal Enterprise and damages attributable in excess of $1 million.

9. Defendant No.3 has used its agencies to provide the means and methods for the Criminal Enterprise to succeed in operation of a human trafficking enterprise. The multi faceted human trafficking enterprise of the Criminal Enterprise consists of the exploitation of the DHS to create a revenue stream through the violation of civil and Constitutional rights of Plaintiffs named and unnamed along with acts of Fraud to increase eligibility of Federal benefits under Title IV programs.

10. Defendant No.3 has provided the agencies of law enforcement to the Criminal Enterprise for the enforcement and incarceration of Plaintiff No.1 and plaintiffs unnamed in direct violation of civil and Constitutional rights when acts of Fraud committed by the Criminal Enterprise were perpetrated in the City of Philadelphia.

11. Claims against Defendant No.3 are explicitly reserved for future amendment pending discovery and submission of investigatory evidence requested under FOIPA and submission of related evidence by Defendants named in this matter.

**IV. Defendant(s) No.4-Philadelphia District Attorney's Office**

12. Philadelphia District Attorney's Office, Defendant(s) No.4 are being sued under 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443, 22 USC § 7102, 18 PaCS § 911, 18 PaCS §§ 3002, 3003, 3004 related to trafficking of persons. Defendant(s) No.4 are not entitled to qualified immunity under the Eleventh Amendment or any other type of immunity it might claim pending further discovery due to Defendant No.4 being an integral part of the Criminal Enterprise in prosecutions in relation to Fraud Upon the Court. Plaintiff No.1 has no objection to the United States Attorney's Office granting immunity to a specific Defendant No.4 that can provide testimony in regards to the activities of the Office during the time that Defendant No.22 was the district attorney. Further discovery and investigatory records are required to fully ascertain the complicity and liabilities of Defendant(s) No.4

13. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant(s) No.4 beginning in 2006 by and through official complaints and reports

by Plaintiff No.1. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant(s) No.2 that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

14. Defendant(s) No.4 have utterly failed to perform their sworn duties and obligations to Defendant No.3 and citizens of the City of Philadelphia. The direct result of the dereliction of duty by Defendant(s) No.4 is the compounded and exacerbated damages created by the Criminal Enterprise. The failure of Defendant(s) No.4 to provide Due Process and Equal Protections of the Law has created insurmountable damages and costs to Plaintiff(s) named and unnamed.

15. Claims against Defendant No.4 are explicitly reserved for future amendment pending discovery and submission of investigatory evidence requested under FOIPA and submission of related evidence by Defendants named in this matter.

## V. Defendant(s) No.5/Criminal Enterprise, Phila. Court of Common Pleas

16. The Criminal Enterprise is an established criminal organization which has been used as a human trafficking enterprise under the guise of a court of common pleas and defined under 22 USC § 7102, 18 PaCS § 911, 18 PaCS §§ 3002, 3003, 3004 related to trafficking of persons. Any defense normally used would not apply to this unprecedented case due to the legal fact that the overt criminal acts described herein could not have taken place without the use and abuse of the authority empowered to named Defendants through positions within the Criminal Enterprise.

17. Plaintiff No.1 verifies for the record that unequivocal consent has been given and Eleventh Amendment Immunity has been waived by the Commonwealth of Pennsylvania, Defendant No.1 and by the Supreme Court of Pennsylvania, Defendant No.6 for the Commonwealth of Pennsylvania and Defendants found individually and officially complicit in this matter, having the legal authority to make such waiver and ability to give consent for the matter to proceed. Written documentation of record is evidenced herein.

18. April 2004 begins a pattern of criminal activity defined under the RICO Law and a Fraud Upon the Court within the Criminal Enterprise by and through actions of Defendant No.42 filing a case in spousal support when the facts of law prohibited such action when jurisdiction was known by Defendant No.42 to be in violation of Pa. Code and with the full knowledge and understanding that Defendant No.42, Defendant No.39 and Defendant(s) No.40 all maintain conflicts of interest within the Criminal Enterprise including Defendant No.8, Defendant No.9, Defendant No.10 that would be utilized to predetermine the outcome of the proceedings as evidenced within the record of case 04-07331. The actions of Defendant No.42 are legally defined as a Fraud Upon the Court in *Herring v. U.S., 424 F.3d 384 (3d Cir. Sep. 22, 2005)*. Fraud Upon the Court does not toll to any statute of limitations.

19. The above overt act of Fraud Upon the Court has been conducted in direct willful violation of 18 USC § 241- Conspiracy against rights and 18 USC § 371- Conspiracy to commit offense or to defraud United States. The result of the actions of Defendant No.42 was the initiation of a Fraud Upon the Court within the Criminal Enterprise which produced a fraudulent order of spousal support which was used to extort large sums of money from Plaintiff No.1 and those extorted amounts were then used to conduct continuous acts of fraud against the United States Government in a scheme to defraud Social Security Funds through the unlawful enforcement of a fraudulent order of court which has continued to the present date and time without any type of individual withdrawal from the conspiracy by any known participants of record. The statute of limitations has not yet begun as the criminal conspiracy is presently continuing in Docket No. 04-07331 and has never been abandoned on the record.

20. The Criminal Enterprise has been used as a front organization by the named Defendants which has enabled the Defendants to act together in concert to willfully deprive Plaintiff No.1 of his civil and Constitutional rights for personal financial gains and has created a revenue stream through a pattern of Title IV Social Security fraud by abuse and manipulation of claims in direct violation of 18 USC §

1    286- Conspiracy to defraud the Government with respect to claims, 18 USC § 287-
2    False, fictitious or fraudulent claims, 18 USC § 371- Conspiracy to commit offense
3    or to defraud United States, 18 USC § 1001- Statements or entries generally, 18
4    USC § 1002- Possession of false papers to defraud United States, 18 USC § 1003-
5    Demands against the United States, 18 USC § 1031- Major fraud against the
6    United States, 18 USC § 1341- Frauds and swindles, 18 USC § 1505- Obstruction of
7    proceedings before departments, agencies, and committees. Every report and claim
8    made by Criminal Enterprise which utilized amounts obtained from collections in
9    Plaintiff No.1(s) fraudulent case 04-07331 becomes a separated charge under the
10   above named criminal statutes. The cause of action created by this criminal activity
11   could not have been accomplished without the utilization of the authority held by
12   the Criminal Enterprise which has been used for illicit financial gains.

13   21. The Criminal Enterprise has abused its authority and purpose by and through
14   the creation of a human trafficking enterprise which has been assembled by a
15   criminal conspiracy involving named Defendants who will be named separately
16   with their role and involvement in the state and Federal crimes committed. The
17   Criminal Enterprise has engaged in overt acts in direct violation of 18 USC § 1581-
18   Peonage; obstructing enforcement, 18 USC § 1584- Sale into involuntary servitude,
19   18 USC § 1589- Forced labor. These criminal violations are evidenced by facts of
20   record which demonstrate the civil and Constitutional violations against Plaintiff
21   No.1 through the fifteen unlawful incarcerations where the Criminal Enterprise
22   conspired with Defendant No.3 and its correctional institutions for profit created by
23   and through the commission of these Federal crimes.

24   22. July 2004, Criminal Enterprise conspires with Defendant No.15, Defendant
25   No.42 and Defendant No.39 to create a fraudulent order of court which was later
26   altered in violation of Due Process and state and Federal laws and procedures as
27   admitted by Defendant No.15 during a recorded conversation with Defendant No.17
28   on March 8, 2005. The above Paragraphs No.20 and No.21 are fully incorporated
29   and set forth within this statement establishing a pattern of racketeering activity.

23. September 10, 2004, Criminal Enterprise engaged in an overt act of fraud upon the court by entering a fraudulent order of court which directly conflicts the order of court entered on September 7, 2004 by a Monroe County judge where jurisdiction was proper and lawful. This predetermined act of fraud was committed in direct violation of the Constitutional rights of Plaintiff No.1.

24. December 3, 2004 begins a pattern of willful violations of Plaintiff No.1(s) civil and Constitutional rights of Due Process, Equal Protections of Law and results in numerous criminal acts of extortion and unlawful incarcerations, this pattern has continued to the present date and time.

25. January 25, 2005 begins a pattern of willful violations of Plaintiff No.1(s) civil and Constitutional rights by continuous unlawful delays and denial of Due Process which is continuing to the present date and time.

26. March 8, 2005 is a specific date when Fraud Upon the Court was committed to influence the case as defined in *Herring v. U.S., 424 F.3d 384(3d Cir. Sep. 22, 2005).* A recorded conversation takes place between Defendant No.15 and Defendant No.17 in which Plaintiff No.1 was firsthand witness. Plaintiff No.1 swears and affirms that this act of Fraud Upon the Court resulted in the issuance of a fraudulent order of court and a pattern of retaliatory actions in violation of law by the Criminal Enterprise which have violated the civil and Constitutional rights of Plaintiff No.1 and Plaintiff No.2 in an attempt to conceal the fraud known by the Administration and was reported to Defendant No.43 immediately following the incident.

27. April 18, 2005, Criminal Enterprise acted in the complete absence of all jurisdiction by coercing Plaintiff No.1(s) minor children to set up a sting operation in which excessive force, unlawful incarceration and theft of personal property was perpetrated by the Criminal Enterprise in retaliation for the March 8, 2005 matter.

28. August 13, 2005, Criminal Enterprise conducted an illegal search and seizure of the residence of Plaintiff No.1, Plaintiff No.2 and Plaintiff No.3 while acting outside of their jurisdiction without a valid search warrant in an attempt to obtain

1 and destroy the incriminating evidence from the recorded March 8, 2005
2 conversation which resulted in a specific act of Fraud Upon the Court.

3     29. October 6, 2006, Criminal Enterprise engaged in an act of extrinsic fraud and
4 criminal conspiracy with Defendant No.42 who recently became an employee of the
5 Criminal Enterprise after previously representing Defendant No.39. The Criminal
6 Enterprise established a custody case between Defendant No.39 and Plaintiff No.1
7 while proceedings were taking place in Monroe County and Criminal Enterprise has
8 to this day concealed the initiating documents from Plaintiff No.1.

9     30. Criminal Enterprise has conspired with the City of Philadelphia, Defendant
10 No.3 and its agencies of the DHS, Philadelphia Police Dept., Philadelphia Sherriff's
11 Office and District Attorney's Office(Defendant No.4) to willfully deprive Plaintiff
12 No1, Plaintiff No.2 and Plaintiff No.3 of their civil and Constitutional rights.

13     31. September 25, 2013, Criminal Enterprise and its Administration commited an
14 overt act of Fraud Upon the Court by and through the alteration and falsification of
15 official court records in Docket No.04-07331 and CP 51 CR 0012816-2013, DC No.
16 1308037996 OTN: N8823393. Wherein the Criminal Enterprise unlawfully altered
17 the name and birth date of Defendant No.39 on official records in the felony
18 kidnapping case which resulted in an overt act of obstruction of justice and criminal
19 conspiracy involving Defendant(s) No.3, No.4, No.22, No.13, No.8, No.10 and others
20 unnamed as evidenced within the record and investigatory documents.

21     32. March 5, 2014, Criminal Enterprise engages in an overt act of Fraud Upon the
22 Court by and through the destruction of court records that are incriminating to
23 Defendant No.39. Willful deprivation of Due Process guarantees under color of law

24     33. June 20, 2016, Criminal Enterprise continues its heightened pattern of willful
25 deprivation of rights under color of law by and through overt acts in violation of the
26 civil and Constitutional rights of Plaintiff No.1 in the handling of his filed petitions
27 for emergency custody relief. Evidence of record provides irrefutable proof of willful
28 violations of rules, procedures and law and further establishes the indisputable

1   conflicts of interest that Defendant No.39 and Defendant(s)No.40 harbor within the
2   Criminal Enterprise.

3      34. August 9, 2016, Criminal Enterprise is notified in writing that Plaintiff No.1 is
4   fully aware of the conflicts of interest held by Defendant No.8, Defendant No.9 and
5   Defendant No.10 with Defendant No.37. The document of record was filed in
6   response to the unlawful incarceration of Plaintiff No.1 on August 5, 2016 which
7   served as a specific act of retaliation for the filing of a Federal Complaint 16cv3893.
8   The unlawful incarceration took place the same day as the FBI raids on Defendant
9   No.37 who is a verified close personal associate of Defendant No.9, Defendant No.10
10  and other named Defendants as well as family member of Defendant No.8.

11     35. August 9, 2017, Criminal Enterprise engaged in criminal acts directly in
12  violation of 18 USC §§ 1951, 1962 and 18 PaCS §§ 903, 911, 2901, 2904, 3002, 3003,
13  3004 related to trafficking of persons which is defined at 22 USC § 7102. The overt
14  act was a predetermined act of kidnapping and Fraud Upon the Court accomplished
15  by and through a criminal conspiracy involving Defendant No.9, Defendant No.10,
16  Defendant No.14, Defendant No.39 and Defendant(s) No.40. The civil and
17  Constitutional rights of Plaintiff No.1, Plaintiff No.3 and unnamed plaintiff were
18  willfully violated under color of law during this criminal violation of law.

19     36. October 26, 2017, evidence of record exists and witness statement is received
20  which provides proof that official court records have been destroyed and/or altered.

21     37. April 25, 2019, Criminal Enterprise conspires with Defendant No.9, Defendant
22  No.10, Defendant No.14, Defendant No.39 and Defendant No.41 to engage in
23  criminal acts directly in violation of 18 USC §§ 1951, 1962 and 18 PaCS §§ 903, 911,
24  2901, 2904, 3002, 3003, 3004 related to trafficking of persons which is defined at 22
25  USC § 7102. The overt act was a predetermined act of kidnapping, witness
26  intimidation and Fraud Upon the Court in direct violation of civil and
27  Constitutional rights of Plaintiff No.1 and unnamed minor plaintiff.

38. May 16, 2019, Plaintiff No.1 files Affidavit(s) with the Criminal Enterprise, Plaintiff No.1, No.2, No.3, No.4 and every individual named within, which details the facts surrounding this matter. This document of record has never been disputed by any named individual within the document having been properly served and filed on record. The Affidavit of May 16, 2019 is fully incorporated and set forth within this RICO complaint along the entire record of related matters.

39. Criminal Enterprise has been duly notified that they have been in willful violation of criminal statutes and have been served with notice of record to cease and desist in all activity which is in violation of civil and Constitutional rights and that which violates state and Federal laws. Criminal Enterprise has willfully failed to comply and has continued its pattern of unlawful racketeering activity and the un-Constitutional actions evidenced within the record.

**VI. Defendant(s) No.6-Supreme Court of Pennsylvania**

40. Supreme Court of Pennsylvania, Defendant(s) No.6 have been duly notified of the unethical, corrupt and criminal behavior of the Criminal Enterprise and named Defendants under their authority. Having been provided documented evidence of record and sworn affidavits demonstrating the validity of claims by Plaintiff No.1, Defendant(s) No.6 have failed to take the appropriate corrective measures to rectify the situation due to personal conflicts of interest with Defendant No.8, Defendant No.9, Defendant No.10 and Defendant No.37 as well as others unknown to Plaintiff No.1. By and through the dereliction of duty and sworn oath of office taken by each Defendant No.6, the situation has been exacerbated and damages compounded.

41. Defendant(s) No.6 realize they have no jurisdiction to hear the matters presented to them due to conflicts of interest and therefore have given unequivocal consent for this matter to be heard in United States District Court on all merits they were incapable of hearing, effectuating 28 USC § 1443. Immunity has been waived by Defendant(s) No.6 by and through documents of record filed in the court on no less than four occasions which have lawfully resulted in consent and waiver.

## VII. Defendant(s) No.7-Superior Court of Pennsylvania

42. Superior Court of Pennsylvania, Defendant(s) No.7 have been duly notified of the unethical, corrupt and criminal behavior of the Criminal Enterprise and named Defendants. Having been provided documented evidence of record and sworn affidavits demonstrating the validity of claims by Plaintiff No.1, Defendant(s) No.7 have failed to take the appropriate corrective measures to rectify the situation due to personal conflicts of interest which will be uncovered during discovery. By and through the dereliction of duty and sworn oath of office taken by each Defendant No.7, the situation has been exacerbated and damages compounded.

43. Consent and waiver given by Defendant No.1 and Defendant(s) No.6 has been worded in such a manner that all judicial officers within the Commonwealth of Pennsylvania are subject to reprimand and liability for their actions which have been complicit to the ongoing operation of the Criminal Enterprise.

## VIII. Defendant No.8-Kevin M. Dougherty

44. Kevin M. Dougherty, Defendant No.8 is being sued in his individual and official capacity as the former Administrative Judge of the Criminal Enterprise and as Supreme Court Justice of Pennsylvania under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 PaCS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Judicial immunity for Defendant No.8 has been waived and consent has been given for this matter to be resolved in Federal Court. The asserted acts of fraud which are evidenced within the record show overt acts of fraud have been used to obtain Federal funding which falls under legal precedent for this matter to proceed against the Criminal

28

1   Enterprise, Defendant No.8 and all other Defendants named and un-named who
2   have taken part in the scheme to defraud the United States Government,
3   notwithstanding the consent and waiver on record given by Defendant No.1 and
4   Defendant(s) No.6.

5   45. Defendant No.8 has criminally conspired with named Defendants within the
6   Criminal Enterprise to defraud the United States Government and its Citizens by
7   and through direct and willful deprivation of civil rights under color of law in the
8   unconstitutional and unlawful actions perpetrated during the commission of Fraud
9   Upon the Court. The evidence of record provides the motive, methods and result of
10  the fraudulent actions of Defendant No.8 and how his actions have been used to
11  obtain Federal funding through Title IV-A, Title IV-D and Title IV-E of the Social
12  Security Act directly through the commission of fraud in the case of Plaintiff No.1
13  and other cases of record known to investigative authorities reviewing this matter.

14  46. Defendant No.8 was notified in 2006 that there are issues of civil and
15  Constitutional rights violations in the case of Plaintiff No.1, Docket No. 04-07331.
16  The written notices to Defendant No.8 were met with overt acts in willful violation
17  of 18 U.S.C. §§ 241, 242 and retaliation ensnared against Plaintiff No.1 through
18  civil and Constitutional rights violations. Evidence of record, complaints, reports
19  and investigatory records are set forth and fully incorporated within.

20  47. Defendant No.8 has an indisputable nepotistic relationship which far reaches
21  beyond the confines of ethics and professional responsibility with Defendant No.9,
22  Defendant No.10, Defendant No.13, Defendant No.22, Defendant No. 28, Defendant
23  No.18, Defendant No.37 and other Defendants named and un-named and has been
24  used to further the interests of the Criminal Enterprise which he controlled during
25  the years of 2004-2015. These relationships have been used to violate Due Process
26  and rules of procedure as evidenced within the record and incorporated documents.

27  48. Defendant No.8 criminally conspired with Defendant No.13, Defendant No.22
28  and officers of court within the Criminal Enterprise to alter official court records in

the felony kidnapping case of Defendant No.39 in Philadelphia Court of Common Pleas, CP 51 CR 0012816-2013, DC No. 1308037996 OTN: N8823393, by and through falsification of the birth date of Defendant No.39. This is an irrefutable overt act of Fraud Upon the Court to conceal the felony charges of Defendant No.39. Evidence and testimony of record demonstrate how this crime was perpetrated.

49. September 25, 2013, Defendant No.8 commits an overt act of fraud by and through the creation of a fraudulent document with his signature therein which provided an unlawful name change of record to Defendant No.39 in an attempt to conceal her connection to the aforementioned felony kidnapping case. This fraudulent document was then used as an instrument to extort personal property from Defendant No.1 and was further utilized to continue the pattern of racketeering activity in direct violation of 18 U.S.C. §§ 1341, 1342, 1343, 1951.

50. Defendant No.8 was served notice of intent to file this claim and has been served a copy of the Affidavit filed on the record May 16, 2019 and has failed to respond or dispute any of the material facts stated for the record.

51. Defendant No.8 has willfully violated PA Law, PA Rules of Civil Procedure, 207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution, Pennsylvania Constitution and Oath of Office. The record of court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within. Defendant No.8 was required by law to recuse himself from all involvement in these matters due to his verified conflicts of interest and willful involvement in Fraud Upon the Court. The fatal errors committed have led to insurmountable damages and costs which can be remedied by payment of $500,000.00 from the personal account of Kevin M. Dougherty.

## VIX. Defendant No.9-Margaret T. Murphy

52. Margaret T. Murphy, Defendant No.9 is being sued in her individual and official capacity as the Administrative Judge of the Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2,

28 USC § 1443 and 18 PaCS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Judicial immunity for Defendant No.9 has been waived and consent has been given for this matter to be resolved in Federal Court. The asserted acts of fraud which are evidenced within the record show overt acts of fraud have been used to obtain Federal funding which falls under legal precedent for this matter to proceed against the Criminal Enterprise, Defendant No.9 and all other Defendants named and un-named who have taken part in the scheme to defraud the United States Government, notwithstanding consent and waiver by Defendant No.1 and Defendant(s) No.6.

53. Defendant No.9 has acted in the complete absence of all jurisdiction due to her involvement in case 04-07331 and OC0601812 with a verified conflict of interest with Defendant No.10, Defendant No.14, Defendant No.28, Defendant No.37, Defendant No.39, Defendant(s) No.40, and Defendant No.41 which has been used to perpetrate Fraud Upon the Court by and through influence and overt acts of fraud demonstrated within the record of the court. All sworn statements, affidavits and records are attached hereto and incorporated as though fully set forth within.

54. Defendant No.9 has criminally conspired with named Defendants within the Criminal Enterprise to defraud the United States Government and its Citizens by and through direct and willful deprivation of civil rights under color of law in the unconstitutional and unlawful actions perpetrated during the commission of Fraud Upon the Court. The evidence of record provides the motive, methods and result of the fraudulent actions of Defendant No.9 and how her actions have been used to obtain Federal funding through Title IV-A, Title IV-D and Title IV-E of the Social Security Act directly through the commission of fraud in the case of Plaintiff No.1 and other cases of record known to investigative authorities reviewing this matter.

55. Defendant No.9 has directly violated 18 Pa.CS §§ 4902(a)(b)(c), 4903(a)(1)(2) by and through a signed order dated March 29, 2018, wherein Defendant No.9 states *"this Court has no relationship whatsoever with any of the parties in this matter"* this is a verified false statement made with intent to influence the Court. Defendant No.9 has a direct relationship with Defendant No.10, Defendant No.39 and Defendant(s) No.40 which has been irrefutably established for the record.

56. Defendant No.9 has willfully violated 18 Pa.CS § 5101 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.9 has criminally conspired to commit Fraud Upon the Court in direct violation of the civil and Constitutional rights of Plaintiff No.1. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

57. Defendant No.9 has willfully violated 18 Pa.CS § 5301 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.9 has criminally conspired to commit Fraud Upon the Court in direct violation of the civil and Constitutional rights of Plaintiff No.1. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

58. Defendant No.9 has a long pattern of involvement with Fraud Upon the Court dating back to 1994 and her involvement in the first divorce case of Defendant No.39 and her attorney Ellen S. Fischer.

59. Defendant No.9 was served notice of intent to file this claim and has been served a copy of the Affidavit filed on the record May 16, 2019 and has failed to respond or dispute any of the material facts stated for the record.

60. Defendant No.9 has willfully violated PA Law, PA Rules of Civil Procedure, 207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution, Pennsylvania Constitution and Oath of Office. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated

1   as though fully set forth within. Defendant No.9 was required by law to recuse
2   herself from all involvement in these matters due to her verified conflicts of interest
3   and willful involvement in Fraud Upon the Court. The fatal errors committed have
4   led to insurmountable damages and costs which can be remedied by payment of
5   $300,000.00 from the personal account of Margaret T. Murphy.

6   **X. Defendant No.10-Patrick J. Murphy**

7   61. Patrick J. Murphy, Defendant No.10 is being sued in his individual capacity as
8   an officer of the court who has engaged in Fraud Upon the Court. Defendant No.10
9   has a verified conflict of interest with Defendant No.8, Defendant No.9, Defendant
10  No.13, Defendant No.23, Defendant No.28, Defendant No.37, Defendant No.38,
11  Defendant No.39, Defendant(s) No.40, Defendant No.41, Defendant No.42 and
12  Defendant No.44 which has been used to perpetrate Fraud Upon the Court by and
13  through influence and overt acts of fraud demonstrated within the record of the
14  court. All sworn statements, affidavits and records are attached hereto and
15  incorporated as though fully set forth within. Defendant has no claim or entitlement
16  to immunity which would have been waived regardless, no consent is required.

17  62. October 22, 2015, initial complaint is filed with the FBI in regards to the
18  criminal Fraud Upon the Court Defendant No.10 has involved himself with.

19  63. November 13, 2015, Plaintiff No.1 is approached in Colorado by a personal
20  acquaintance of Defendant No.10 in a public location with witnesses present. This
21  individual was a registered bar attorney from Philadelphia who is married to the
22  former law clerk of a former judge involved in the Criminal Enterprise. The
23  individual proceeded to make an indirect warning in regards to Defendant No.10
24  *"anyone who takes on Murphy and his crew either end up in prison or in the bottom*
25  *of the river".* Further statements were made by this individual which confirms the
26  fact that Defendant No.10 has the unethical ability to conduct a Fraud Upon the
27  Court through his influence within the Administration of the Criminal Enterprise.
28  This encounter was immediately reported to FBI and other authorities on record.

1    64. February 23, 2016, Plaintiff No.1 contacts Defendant No.10 via email at the
2    Pentagon confronting Defendant No.10 with his unethical behavior to influence the
3    personal court matters in the Criminal Enterprise. This email resulted in a phone
4    call from the Pentagon on February 25, 2016 at 10:58am.

5    65. Defendant No.10 has acted in direct violation of 18 U.S.C. §§ 241, 242, 1001
6    and 1951 by and through his direct and indirect involvement in Fraud Upon the
7    Court and has made false statements to Federal agents as evidenced during the
8    above phone conversation and further investigations into this matter.

9    66. Defendant No.10 has been determined to be the most integral part of the
10   Fraud Upon the Court and has willfully violated the civil and Constitutional rights
11   of Plaintiff No.1, Plaintiff No.2 and Plaintiff No.3. The abhorrent unethical actions
12   of Defendant No.10 have created insurmountable damages and costs which can be
13   remedied by payment of $1,000,000.00 from personal accounts of Patrick J. Murphy.

14   **XI. Defendant No.11-Holly J. Ford**

15   67. Holly J. Ford, Defendant No.11 is being sued in her individual and official
16   capacity as a judge in the Criminal Enterprise under Federal statutes 18 USC §
17   1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18
18   Pa.CS § 911 for the willful deprivation of rights under color of law and willful
19   violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
20   1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
21   and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
22   3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
23   record and investigatory documentation. Judicial immunity for Defendant No.11
24   has been waived and consent has been given for this matter to be resolved in
25   Federal Court. The asserted acts of fraud which are evidenced within the record
26   show overt acts of fraud have been used to obtain Federal funding which falls under
27   legal precedent for this matter to proceed against the Criminal Enterprise,
28   Defendant No.11 and all other Defendants named and un-named who have taken

part in the scheme to defraud the United States Government, notwithstanding the consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

68. Defendant No.11 has directly violated 18 Pa.CS §§ 4902(a)(b)(c),4903(a)(1)(2) by and through a signed written statement dated September 22, 2015, wherein Defendant No.11 states *"Appellant did file a Petition for Contempt on March 5, 2014 which was heard and decided on April 7, 2014"* this is a verifiably false statement made with the intent to influence the Court and deny Plaintiff his Constitutional rights. Plaintiff No.1 had his Due Process rights directly and willfully violated by Defendant No.11 as a direct result of her perjury and failure to recuse herself in a matter when she knew she had a conflict and direct interest in the outcome of the matter with her knowledge of the Fraud Upon the Court.

69. Defendant No.11 has willfully violated 18 Pa.CS § 5101 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.11 has criminally conspired to commit Fraud Upon the Court in direct violation of the civil and Constitutional rights of Plaintiff No.1. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

70. Defendant No.11 has willfully violated 18 Pa.CS § 5301 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.11 has criminally conspired to commit Fraud Upon the Court in direct violation of the civil and Constitutional rights of Plaintiff No.1. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

71. Defendant No.11 has willfully violated PA Law, PA Rules of Civil Procedure, 207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution, Pennsylvania Constitution and Oath of Office. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within. Defendant No.11 was required by law to recuse

1  herself from all involvement in these matters due to her verified conflicts of interest
2  and willful involvement in Fraud Upon the Court. The fatal errors committed have
3  led to insurmountable damages and costs which can be remedied by payment of
4  $100,000.00 from the personal account of Holly J. Ford.

5  **XII. Defendant No.12-Joel S. Johnson**

6  72. Joel S. Johnson, Defendant No.12 is being sued in his individual and official
7  capacity as a judge in the Criminal Enterprise under Federal statutes 18 USC §
8  1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18
9  Pa.CS § 911 for the willful deprivation of rights under color of law and willful
10 violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
11 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
12 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
13 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
14 record and investigatory documentation. Judicial immunity for Defendant No.12
15 has been waived and consent has been given for this matter to be resolved in
16 Federal Court. The asserted acts of fraud which are evidenced within the record
17 show overt acts of fraud have been used to obtain Federal funding which falls under
18 legal precedent for this matter to proceed against the Criminal Enterprise,
19 Defendant No.12 and all other Defendants named and un-named who have taken
20 part in the scheme to defraud the United States Government, notwithstanding the
21 consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

22 73. Defendant No.12 is criminally complicit in overt acts of Fraud Upon the Court
23 and has been instrumental in criminal violations of extortion, unlawful
24 imprisonment, fraud, and human trafficking. Defendant No.12 has engaged in a
25 consistent pattern racketeering activity and willful violations of the civil and
26 Constitutional rights of Plaintiff No.1. The entire record of court, all sworn
27 statements, affidavits, all filed documents are attached hereto and incorporated as
28 though fully set forth within.

1    74. Defendant No.12 has willfully violated 18 Pa.CS § 5101 with criminal intent to
2   Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.12
3   have impaired and perverted the administration of Law and Constitutional rights.
4   The entire record of the court, all sworn statements, affidavits and all filed
5   documents are attached hereto and incorporated as though fully set forth within.

6    75. Defendant No.12 has willfully violated 18 Pa.CS § 5301 with criminal intent to
7   violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.12  has
8   criminally conspired to commit Fraud Upon the Court, the record of the court, all
9   sworn statements, affidavits and all filed documents are attached hereto and
10   incorporated as though fully set forth within.

11    76. Defendant No.12 has willfully violated PA Law, PA Rules of Civil Procedure,
12   207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution,
13   Pennsylvania Constitution and Oath of Office. The record of the court, all sworn
14   statements, affidavits and all filed documents are attached hereto and incorporated
15   as though fully set forth within. Defendant No.12 was required by law to recuse
16   himself from all involvement in these matters due to his verified conflicts of interest
17   and willful involvement in Fraud Upon the Court. The fatal errors committed have
18   led to insurmountable damages and costs which can be remedied by payment of
19   $100,000.00 from the personal account of Joel S. Johnson.

20   **XIII. Defendant No.13-Maria C. McLaughlin**

21    77. Maria C. McLaughlin, Defendant No.13 is being sued in her individual and
22   official capacity as a judge in the Criminal Enterprise under Federal statutes 18
23   USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and
24   18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful
25   violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
26   1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
27   and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
28   3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of

1    record and investigatory documentation. Judicial immunity for Defendant No.13

2    has been waived and consent has been given for this matter to be resolved in

3    Federal Court. The asserted acts of fraud which are evidenced within the record

4    show overt acts of fraud have been used to obtain Federal funding which falls under

5    legal precedent for this matter to proceed against the Criminal Enterprise,

6    Defendant No.13 and all other Defendants named and un-named who have taken

7    part in the scheme to defraud the United States Government, notwithstanding the

8    consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

9    78. Defendant No.13 has criminally conspired with the Criminal Enterprise to

10    commit overt acts of Fraud Upon the Court and Obstruct Justice by and through

11    her participation in the concealment of felony kidnapping charges in cases

12    OC0601812, OC1100893 and CP 51 CR 0012816-2013. Defendant No.13 is

13    criminally complicit in overt acts of Fraud Upon the Court and has been

14    instrumental in criminal violations of extortion, unlawful imprisonment, fraud, and

15    human trafficking. Defendant No.13 has engaged in a consistent pattern

16    racketeering activity and willful violations of the civil and Constitutional rights of

17    Plaintiff No.1. The entire record of court, all sworn statements, affidavits, all filed

18    documents are attached hereto and incorporated as though fully set forth within.

19    79. Defendant No.13 has conflicts of interest and nepotistic relationships with the

20    Dougherty and Murphy families, which includes Defendant No.8, Defendant No.9,

21    Defendant No.10 and Defendant No.37. Close personal connections to the convicted

22    former Philadelphia District Attorney, Defendant No.22, has tied Defendant No.13

23    to the illegal case fixing schemes involving the felony kidnapping case of Defendant

24    No.39 which is further evidenced on the record by the behavior, demeanor and

25    retaliation by Defendant No.13 on August 5, 2016. FBI raids and investigations on

26    her close associates Defendant No.22, Defendant No.37 are fully evidenced within.

27    80. Defendant No.13 has willfully violated 18 Pa.CS § 5101 with criminal intent to

28    Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.13

29    have impaired and perverted the administration of Law and Constitutional rights.

1   The entire record of the court, all sworn statements, affidavits and all filed
2   documents are attached hereto and incorporated as though fully set forth within.

3   81. Defendant No.13 has willfully violated 18 Pa.CS § 5301 with criminal intent to
4   violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.13 has
5   criminally conspired to commit Fraud Upon the Court, the record of the court, all
6   sworn statements, affidavits and all filed documents are attached hereto and
7   incorporated as though fully set forth within.

8   82. Defendant No.13 has willfully violated PA Law, PA Rules of Civil Procedure,
9   207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution,
10   Pennsylvania Constitution and Oath of Office. The record of the court, all sworn
11   statements, affidavits and all filed documents are attached hereto and incorporated
12   as though fully set forth within. Defendant No.13 was required by law to recuse
13   herself from all involvement in these matters due to her verified conflicts of interest
14   and willful involvement in Fraud Upon the Court. The fatal errors committed have
15   led to insurmountable damages and costs which can be remedied by payment of
16   $100,000.00 from the personal account of Maria C. McLaughlin.

17   **XIV. Defendant No.14-Diane R. Thompson**

18   83. Diane R. Thompson, Defendant No.14 is being sued in her individual and
19   official capacity as a judge in the Criminal Enterprise under Federal statutes 18
20   USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and
21   18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful
22   violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
23   1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
24   and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
25   3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
26   record and investigatory documentation. Judicial immunity for Defendant No.14
27   has been waived and consent has been given for this matter to be resolved in
28   Federal Court. The asserted acts of fraud which are evidenced within the record

1   show overt acts of fraud have been used to obtain Federal funding which falls under
2   legal precedent for this matter to proceed against the Criminal Enterprise,
3   Defendant No.14 and all other Defendants named and un-named who have taken
4   part in the scheme to defraud the United States Government, notwithstanding the
5   consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

6   84. Defendant No.14 has engaged in a criminal conspiracy by and through her
7   active involvement in a human trafficking enterprise as evidenced in her willful
8   deprivations of civil rights under color of Law which have resulted in direct willful
9   violations of the United States Constitution and Supreme Court Law.  The entire
10  record of the court, all sworn statements, affidavits and all filed documents are
11  attached hereto and incorporated as though fully set forth within.

12  85. Defendant No.14 has directly violated 18 Pa.CS §§ 4902(a)(b)(c), 4903(a)(2) in
13  her unlawful attempt to Obstruct Justice and Due Process in Superior Court appeal
14  1125EDA 2019. The false statement made as evidenced in a signed letter dated
15  4/24/2019 was perpetrated with intent to influence the court and deny Plaintiff No.1
16  his Due Process rights.

17  86. Defendant No.14 has willfully violated 18 Pa.CS § 5101 with criminal intent to
18  Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.14
19  have impaired and perverted the administration of Law and Constitutional rights.
20  The entire record of the court, all sworn statements, affidavits and all filed
21  documents are attached hereto and incorporated as though fully set forth within.

22  87. Defendant No.14 has willfully violated 18 Pa.CS § 5301 with criminal intent to
23  violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.14  has
24  criminally conspired to commit Fraud Upon the Court, the record of the court, all
25  sworn statements, affidavits and all filed documents are attached hereto and
26  incorporated as though fully set forth within.

27  88. Defendant No.14 has willfully violated PA Law, PA Rules of Civil Procedure,
28  207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution,

1     Pennsylvania Constitution and Oath of Office. The record of the court, all sworn
2     statements, affidavits and all filed documents are attached hereto and incorporated
3     as though fully set forth within. Defendant No.14 was required by law to recuse
4     herself from all involvement in these matters due to her verified conflicts of interest
5     and willful involvement in Fraud Upon the Court. The fatal errors committed have
6     led to insurmountable damages and costs which can be remedied by payment of
7     $300,000.00 from the personal account of Diane R. Thompson.

8 **XV. Defendant No.15-Daniel R.Sulman**

9     89. Daniel R. Sulman, Defendant No.15 is being sued in his individual and official
10     capacity as a judge in the Criminal Enterprise under Federal statutes 18 USC §
11     1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18
12     Pa.CS § 911 for the willful deprivation of rights under color of law and willful
13     violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
14     1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
15     and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
16     3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
17     record and investigatory documentation. Judicial immunity for Defendant No.15
18     has been waived and consent has been given for this matter to be resolved in
19     Federal Court. The asserted acts of fraud which are evidenced within the record
20     show overt acts of fraud have been used to obtain Federal funding which falls under
21     legal precedent for this matter to proceed against the Criminal Enterprise,
22     Defendant No.15 and all other Defendants named and un-named who have taken
23     part in the scheme to defraud the United States Government, notwithstanding the
24     consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

25     90. Defendant No.15 is criminally complicit in specific overt acts of Fraud Upon
26     the Court which are verified on the record and has been instrumental in criminal
27     violations of extortion, unlawful imprisonment, fraud, and human trafficking.
28     Defendant No.15 has engaged in a consistent pattern racketeering activity and
29     willful violations of the civil and Constitutional rights of Plaintiff No.1. The entire

1    record of court, all sworn statements, affidavits, all filed documents are attached
2    hereto and incorporated as though fully set forth within.

3    91. Defendant No.15 has directly violated 18 Pa.CS §§ 4902(a)(b)(c), 4903(a)(1)(2)
4    by and through a sworn statement from the bench, wherein Sulman states *"the*
5    *conversation never happened"* when questioned about the events of March 8, 2005
6    and the recorded conversation between Defendant No.15 and Defendant No.17, this
7    is a verifiably false statement made with the intent to influence the Court. Whether
8    Sulman knew the conversation was recorded is irrelevant, what is relevant is the
9    fact that Sulman perjured himself from the bench. The entire record of court, all
10   sworn statements, affidavits, all filed documents are attached hereto and
11   incorporated as though fully set forth within.

12   92. Defendant No.15 has willfully violated 18 Pa.CS § 5101 with criminal intent to
13   Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.15
14   have impaired and perverted the administration of Law and Constitutional rights.
15   The entire record of the court, all sworn statements, affidavits and all filed
16   documents are attached hereto and incorporated as though fully set forth within.

17   93. Defendant No.15 has willfully violated 18 Pa.CS § 5301 with criminal intent to
18   violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.15 has
19   criminally conspired to commit Fraud Upon the Court, the record of the court, all
20   sworn statements, affidavits and all filed documents are attached hereto and
21   incorporated as though fully set forth within.

22   94. Defendant No.15 has willfully violated PA Law, PA Rules of Civil Procedure,
23   207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution,
24   Pennsylvania Constitution and Oath of Office. The record of the court, all sworn
25   statements, affidavits and all filed documents are attached hereto and incorporated
26   as though fully set forth within. Defendant No.15 was required by law to recuse
27   himself from all involvement in these matters due to his verified conflicts of interest
28   and willful involvement in Fraud Upon the Court and he is the only judge involved

1   who did in fact recuse himself because he knew where this matter would end, and
2   here we are. The fatal errors committed have led to insurmountable damages and
3   costs which can be remedied by payment of $110,000.00 from the personal account
4   of Daniel R. Sulman.

5   **XVI. Defendant No.16-Wayne M. Bennett**

6   95. Wayne M. Bennett, Defendant No.16 is being sued in his individual and
7   official capacity as a master in the Criminal Enterprise under Federal statutes 18
8   USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and
9   18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful
10  violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
11  1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
12  and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
13  3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
14  record and investigatory documentation. Immunity for Defendant No.16 has been
15  waived and consent has been given for this matter to be resolved in Federal Court.
16  The asserted acts of fraud which are evidenced within the record show overt acts of
17  fraud have been used to obtain Federal funding which falls under legal precedent
18  for this matter to proceed against the Criminal Enterprise, Defendant No.16 and all
19  other Defendants named and un-named who have taken part in the scheme to
20  defraud the United States Government, notwithstanding the consent and waiver on
21  record given by Defendant No.1 and Defendant(s) No.6.

22  96. Defendant No.16 is firsthand witness to Defendant No.39 admitting her
23  knowledge of the relationship between Defendant No.9 and Defendant No.10 *"And I*
24  *can tell (inaudible) that she's related to a friend of mine that I grew up with who I*
25  *haven't spoken to in about ten years, Patrick Murphy".* Defendant No.16 further
26  witnessed Defendant No.39 commit perjury on the record and admitting to fraud
27  that has been committed within the Criminal Enterprise. The entire record of the
28  court, all sworn statements, affidavits and all filed documents are attached hereto
29  and incorporated as though fully set forth within.

97. Defendant No.16 is criminally complicit in overt acts of Fraud Upon the Court by and through his willful failure to correct the known Fraud involving the unlawful name change made on the record on September 25, 2013 as verified during testimony. Defendant No.16 has been instrumental in the ongoing Fraud Upon the Court and in criminal violations of extortion, unlawful imprisonment, fraud, and human trafficking. Defendant No.16 has engaged in a consistent pattern racketeering activity and willful violations of the civil and Constitutional rights of Plaintiff No.1. The entire record of court, all sworn statements, affidavits, all filed documents are attached hereto and incorporated as though fully set forth within.

98. Defendant No.16 has willfully violated 18 Pa.CS § 5101 with criminal intent to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.16 have impaired and perverted the administration of Law and Constitutional rights. The entire record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

99. Defendant No.16 has willfully violated 18 Pa.CS § 5301 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.16 has criminally conspired to commit Fraud Upon the Court, the record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

100. Defendant No.16 has willfully violated PA Law, PA Rules of Civil Procedure, 207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution, Pennsylvania Constitution and Oath of Office. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within. Defendant No.16 was required by law to recuse himself from all involvement in these matters due to his verified conflicts of interest and willful involvement in Fraud Upon the Court. The fatal errors committed have led to insurmountable damages and costs which can be remedied by payment of $100,000.00 from the personal account of Wayne M. Bennett.

1   **XVII. Defendant No.17-Anita N. Botchway**

2   101. Anita N. Botchway, Defendant No.17 is being sued in her individual and

3   official capacity as a master in the Criminal Enterprise under Federal statutes 18

4   USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and

5   18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful

6   violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,

7   1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382

8   and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,

9   3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of

10   record and investigatory documentation. Immunity for Defendant No.17 has been

11   waived and consent has been given for this matter to be resolved in Federal Court.

12   The asserted acts of fraud which are evidenced within the record show overt acts of

13   fraud have been used to obtain Federal funding which falls under legal precedent

14   for this matter to proceed against the Criminal Enterprise, Defendant No.17 and all

15   other Defendants named and un-named who have taken part in the scheme to

16   defraud the United States Government, notwithstanding the consent and waiver on

17   record given by Defendant No.1 and Defendant(s) No.6.

18   102. Defendant No.17 is criminally complicit in specific overt acts of Fraud Upon

19   the Court which are verified on the record and has been instrumental in criminal

20   violations of extortion, unlawful imprisonment, fraud, and human trafficking.

21   Defendant No.17 has engaged in a consistent pattern racketeering activity and

22   willful violations of the civil and Constitutional rights of Plaintiff No.1. March 8,

23   2005 a recorded conversation between Defendant No.15 and Defendant No.17 took

24   place as a specific act of Fraud Upon the Court where influence and unethical

25   behavior occurred. The entire record of court, sworn statements, affidavits, all filed

26   documents are attached hereto and incorporated as though fully set forth within.

27   103. Defendant No.17 has willfully violated 18 Pa.CS § 5101 with criminal intent

28   to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant

29   No.17 have impaired and perverted the administration of Law and Constitutional

1  rights. The entire record of the court, all sworn statements, affidavits and all filed
2  documents are attached hereto and incorporated as though fully set forth within.

3  104. Defendant No.17 has willfully violated 18 Pa.CS § 5301 with criminal intent
4  to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.17
5  has criminally conspired to commit Fraud Upon the Court, the record of the court,
6  all sworn statements, affidavits and all filed documents are attached hereto and
7  incorporated as though fully set forth within.

8  105. Defendant No.17 has willfully violated PA Law, PA Rules of Civil Procedure,
9  207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution,
10 Pennsylvania Constitution and Oath of Office. The record of the court, all sworn
11 statements, affidavits and all filed documents are attached hereto and incorporated
12 as though fully set forth within. Defendant No.17 was required by law to recuse
13 herself from all involvement in these matters due to her verified conflicts of interest
14 and willful involvement in Fraud Upon the Court. The fatal errors committed have
15 led to insurmountable damages and costs which can be remedied by payment of
16 $186,300.00 from the personal account of Anita N. Botchway.

17 **XVIII. Defendant No.18-William H. Ketterlinus**

18 106. William H. Ketterlinus, Defendant No.18 is being sued in his individual and
19 official capacity as a master in the Criminal Enterprise under Federal statutes 18
20 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and
21 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful
22 violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
23 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
24 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
25 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
26 record and investigatory documentation. Immunity for Defendant No.18 has been
27 waived and consent has been given for this matter to be resolved in Federal Court.
28 The asserted acts of fraud which are evidenced within the record show overt acts of

1   fraud have been used to obtain Federal funding which falls under legal precedent
2   for this matter to proceed against the Criminal Enterprise, Defendant No.18 and all
3   other Defendants named and un-named who have taken part in the scheme to
4   defraud the United States Government, notwithstanding the consent and waiver on
5   record given by Defendant No.1 and Defendant(s) No.6.

6   107. Defendant No.18 has conflicts of interest and nepotistic relationships with the
7   Dougherty and Murphy families, which includes Defendant No.8, Defendant No.9,
8   Defendant No.10 and Defendant No.37. Defendant No.18 has exposed his conflicts
9   of interest on the record by and through preferential treatment and legal
10  representation of Defendant No.39 while acting in his official position in violation of
11  ethics laws and the Constitutional rights of Plaintiff No.1. The entire record of
12  court, sworn statements, affidavits, all filed documents and investigatory records
13  involving his nepotistic relationships with Defendant No.37 are attached hereto and
14  incorporated as though fully set forth within.

15  108. Defendant No.18 has willfully violated 18 Pa.CS § 5101 with criminal intent
16  to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant
17  No.18 have impaired and perverted the administration of Law and Constitutional
18  rights. The entire record of the court, all sworn statements, affidavits and all filed
19  documents are attached hereto and incorporated as though fully set forth within.

20  109. Defendant No.18 has willfully violated 18 Pa.CS § 5301 with criminal intent
21  to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.18
22  has criminally conspired to commit Fraud Upon the Court, the record of the court,
23  all sworn statements, affidavits and all filed documents are attached hereto and
24  incorporated as though fully set forth within.

25  110. Defendant No.18 has willfully violated PA Law, PA Rules of Civil Procedure,
26  207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution,
27  Pennsylvania Constitution and Oath of Office. The record of the court, all sworn
28  statements, affidavits and all filed documents are attached hereto and incorporated

1    as though fully set forth within. Defendant No.18 was required by law to recuse
2    herself from all involvement in these matters due to her verified conflicts of interest
3    and willful involvement in Fraud Upon the Court. The fatal errors committed have
4    led to insurmountable damages and costs which can be remedied by payment of
5    $100,000.00 from the personal account of William H. Ketterlinus.

6    **XIX. Defendant No.19-Robert A. Graci**

7    111. Robert A. Graci, Defendant No.19 is being sued in his individual and official
8    capacity as Chief Counsel of the Judicial Conduct Board under Federal statutes 18
9    USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and
10   18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful
11   violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
12   1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
13   and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,
14   3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of
15   record and investigatory documentation. Immunity for Defendant No.19 has been
16   waived and consent has been given for this matter to be resolved in Federal Court.
17   The asserted acts of fraud which are evidenced within the record show overt acts of
18   fraud have been used to obtain Federal funding which falls under legal precedent
19   for this matter to proceed against the Criminal Enterprise, Defendant No.19 and all
20   other Defendants named and un-named who have taken part in the scheme to
21   defraud the United States Government, notwithstanding the consent and waiver on
22   record given by Defendant No.1 and Defendant(s) No.6.

23   112. Defendant No.19 has willfully obstructed justice and has denied Due Process
24   guarantees while actively concealing the ongoing commission of Federal criminal
25   activity within the Criminal Enterprise. The integrity and ethics of Defendant No19
26   have been brought to question on numerous occasions and ultimately led to his
27   early retirement. Defendant No.19 has criminally conspired with the Criminal
28   Enterprise to allow for the continued pattern of racketeering and human trafficking
29   to operate without oversight or discipline in spite of credible reports and evidence.

113. Defendant No.19 has willfully violated 18 Pa.CS § 5101 with criminal intent to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.19 have impaired and perverted the administration of Law and Constitutional rights. The entire record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

114. Defendant No.19 has willfully violated 18 Pa.CS § 5301 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.19 has criminally conspired to commit Fraud Upon the Court, the record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

115. Defendant No.19 has willfully violated PA Law, PA Rules of Civil Procedure, 207 Pa. Code § 15-4, PA Code of Judicial Conduct, United States Constitution, Pennsylvania Constitution and Oath of Office. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within. Defendant No.19 was required by law to persue the proper remedies against the named Defendants who have engaged in Fraud Upon the Court as properly reported and evidenced. The fatal errors committed have led to insurmountable damages and costs which can be remedied by payment of $300,000.00 from the personal account of Robert A. Graci.

## XX. Defendant(s) No.20-Judicial Conduct Board

116. Defendant(s) No.20 are being sued under 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443, 22 USC § 7102, 18 PaCS § 911, 18 PaCS §§ 3002, 3003, 3004 related to trafficking of persons. Defendant(s) No.20 are not entitled to qualified immunity under the Eleventh Amendment due to Defendant(s) No.20 being integral by allowing for the continued operations of the Criminal Enterprise after being duly reported by Plaintiff No.1 and other unnamed plaintiffs. Further discovery and investigatory records are required to fully ascertain the complicity and liabilities of Defendant(s) No.20

117. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant(s) No.20 beginning in 2006 by and through official complaints and reports by Plaintiff No.1. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by named Defendants that are related to this claim and all claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

118. Defendant(s) No.20 have utterly failed to perform their sworn duties and obligations to Defendant No.1 and citizens of the Commonwealth of Pennsylvania. The direct result of the dereliction of duty by Defendant(s) No.20 is the compounded and exacerbated damages created by the Criminal Enterprise. The failure of Defendant(s) No.20 to provide Due Process and Equal Protections of the Law has created insurmountable damages and costs to Plaintiff(s) named and unnamed.

119. Claims against Defendant(s) No.20 are explicitly reserved for future amendment pending discovery and submission of investigatory evidence requested under FOIPA and submission of related evidence by Defendants named in this matter and all records held by Defendant(s) No.20 which are material to this claim.

**XXI. Defendant No.21-Martha Gale**

120. Martha Gale, Defendant No.21 is being sued in her individual and official capacity as an officer of the court under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Immunity for Defendant No.21 has been waived and consent has been given for this matter to be resolved in Federal Court. The asserted acts of fraud which are evidenced within the record show overt acts of fraud have been

1   used to obtain Federal funding which falls under legal precedent for this matter to
2   proceed against the Criminal Enterprise, Defendant No.21 and all other Defendants
3   named and un-named who have taken part in the scheme to defraud the United
4   States Government, notwithstanding the consent and waiver on record given by
5   Defendant No.1 and Defendant(s) No.6.

6   121. Defendant No.21 has willfully obstructed justice and violated 18 USC § 1621
7   in verified court documents filed in United States District Court in case 17cv2242 in
8   an attempt to influence the court with false statements as an act of Fraud Upon the
9   Court to conceal the criminal actions of the Criminal Enterprise and Defendant
10  No.21. The record of the court, all sworn statements, affidavits and all filed
11  documents are attached hereto and incorporated as though fully set forth within.

12  122. Defendant No.21 has willfully violated 18 Pa.CS § 5101 with criminal intent
13  to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant
14  No.21 have impaired and perverted the administration of Law and Constitutional
15  rights. The entire record of the court, all sworn statements, affidavits and all filed
16  documents are attached hereto and incorporated as though fully set forth within.

17  123. Defendant No.21 has willfully violated 18 Pa.CS § 5301 with criminal intent
18  to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.21
19  has criminally conspired to commit Fraud Upon the Court, the record of the court,
20  all sworn statements, affidavits and all filed documents are attached hereto and
21  incorporated as though fully set forth within.

22  124. Defendant No.21 has willfully violated PA Law, PA Rules of Civil Procedure,
23  United States Constitution, Pennsylvania Constitution. The record of the court, all
24  sworn statements, affidavits and all filed documents are attached hereto and
25  incorporated as though fully set forth within. Defendant No.21 has willfully
26  interfered with the Due Process rights of Plaintiff No.1 and Plaintiff No.3. The fatal
27  errors committed have led to insurmountable damages and costs which can be
28  remedied by payment of $100,000.00 from the personal account of Martha Gale.

## XXII. Defendant No.22-Rufus Seth Williams

125. Rufus Seth Williams, Defendant No.22 is being sued in his individual and official capacity as District Attorney of Philadelphia under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Immunity for Defendant No.22 has been waived and consent has been given for this matter to be resolved in Federal Court. The asserted acts of fraud which are evidenced within the record show overt acts of fraud have been used to obtain Federal funding which falls under legal precedent for this matter to proceed against the Criminal Enterprise, Defendant No.22 and all other Defendants named and un-named who have taken part in the scheme to defraud the United States Government, notwithstanding the consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

126. Defendant No.22 has willfully obstructed justice and engaged in overt acts of Fraud Upon the Court by and through the illegal fixing of felony cases, tampering and destruction of evidence, witness intimidation and willful violations of the Due Process rights and Equal Protection of Law guarantees of Plaintiff No.1. Detailed reports of the activity within the Criminal Enterprise have been duly submitted to the authority of Defendant No.22 who then took decisive action to obstruct justice in a criminal conspiracy and pattern of racketeering activity involving Defendant No.8 Defendant(s) No.4, Defendant No.9, Defendant No.10, Defendant No.11, Defendant No.12, Defendant No.13, Defendant No. 14, Defendant No.15, Defendant No.23, Defendant No.24, Defendant No.37, Defendant No.39 and Defendant(s) No.40. The entire record of court in case related and cases under review for impropriety as well as evidence and documentation obtained during FBI investigations is submitted.

127. Defendant No.22 has willfully violated 18 Pa.CS § 5101 with criminal intent to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant No.22 have impaired and perverted the administration of Law and Constitutional rights. The entire record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

128. Defendant No.22 has willfully violated 18 Pa.CS § 5301 with criminal intent to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.22 has criminally conspired to commit Fraud Upon the Court, the record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within.

129. Defendant No.22 has willfully violated PA Law, PA Rules of Civil Procedure, United States Constitution, Pennsylvania Constitution. The record of the court, all sworn statements, affidavits and all filed documents are attached hereto and incorporated as though fully set forth within. Defendant No.22 has willfully interfered with the Due Process rights of Plaintiff No.1, Plaintiff No.3 and others. The fatal errors committed have led to insurmountable damages and costs which can be remedied by payment of $100,000.00 from the personal account of Rufus Seth Williams. Plaintiff No.1 would have no objection to Defendant No.22 providing a witness statement to this Court in exchange for immunity, if offered by the United States Attorney, in lieu of damages.

## XXIII. Defendant No.23-Gerald Rocks

130. Gerald Rocks, Defendant No.23 is being sued in his individual and official capacity as a detective for the District Attorney of Philadelphia under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911,

1   3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting
2   evidence of record and investigatory documentation. Immunity for Defendant No.23
3   has been waived and consent has been given for this matter to be resolved in
4   Federal Court. The asserted acts of fraud which are evidenced within the record
5   show overt acts of fraud have been used to obtain Federal funding which falls under
6   legal precedent for this matter to proceed against the Criminal Enterprise,
7   Defendant No.23 and all other Defendants named and un-named who have taken
8   part in the scheme to defraud the United States Government, notwithstanding the
9   consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

10   131. Defendant No.23 has indisputable personal conflicts of interest with
11   Defendant No.10, Defendant No.22, Defendant No.24, Defendant No.39, Defendant
12   No.42 and others known to investigators, which have been used to obstruct justice
13   and engage in Fraud Upon the Court with criminal intent to conceal the commission
14   of crimes in direct willful violation of the civil and Constitutional rights of Plaintiff
15   No.1, Plaintiff No.3 and plaintiffs unnamed pending further investigation and
16   review of court records and reports.

17   132. Defendant No.23 has willfully violated 18 Pa.CS § 5101 with criminal intent
18   to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant
19   No.23 have impaired and perverted the administration of Law and Constitutional
20   rights. The entire record of the court, all sworn statements, affidavits and all filed
21   documents are attached hereto and incorporated as though fully set forth within.

22   133. Defendant No.23 has willfully violated 18 Pa.CS § 5301 with criminal intent
23   to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.23
24   has criminally conspired to commit Fraud Upon the Court, the record of the court,
25   all sworn statements, affidavits and all filed documents are attached hereto and
26   incorporated as though fully set forth within.

27   134. Defendant No.23 has willfully violated PA Law, PA Rules of Civil Procedure,
28   United States Constitution, Pennsylvania Constitution. The record of the court, all

1    sworn statements, affidavits and all filed documents are attached hereto and
2    incorporated as though fully set forth within. Defendant No.23 has willfully
3    interfered with the Due Process rights of Plaintiff No.1, Plaintiff No.3, and others.
4    The fatal errors committed have led to insurmountable damages and costs which
5    can be remedied by payment of $100,000.00 from the personal account of Gerald
6    Rocks. Plaintiff No.1 would have no objection to Defendant No.23 providing a
7    witness statement to this Court in exchange for immunity, if offered by the United
8    States Attorney, in lieu of damages.

9    **XXIV. Defendant No.24-Brian Zarallo**

10   135. Brian Zarallo, Defendant No.24 is being sued in his individual and official
11   capacity as a deputy district attorney for the District Attorney of Philadelphia and
12   Public Corruption Section/Organized Crime Section of Pennsylvania Office of
13   Attorney General under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985,
14   1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful
15   deprivation of rights under color of law and willful violations of law under Federal
16   statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343,
17   1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of
18   Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101,
19   5111, 5301 as described herein with supporting evidence of record and investigatory
20   documentation. Immunity for Defendant No.24 has been waived and consent has
21   been given for this matter to be resolved in Federal Court. The asserted acts of
22   fraud which are evidenced within the record show overt acts of fraud have been
23   used to obtain Federal funding which falls under legal precedent for this matter to
24   proceed against the Criminal Enterprise, Defendant No.24 and all other Defendants
25   named and un-named who have taken part in the scheme to defraud the United
26   States Government, notwithstanding the consent and waiver on record given by
27   Defendant No.1 and Defendant(s) No.6.

28   136. Defendant No.24 has a close personal involvement with Defendant No.22 and
29   Defendant No.23 which has been used to advance his career by and through his

1  involvement to obstruct justice and engage in Fraud Upon the Court with criminal
2  intent to conceal the commission of crimes in direct willful violation of the civil and
3  Constitutional rights of Plaintiff No.1, Plaintiff No.3 and plaintiffs unnamed
4  pending further investigation and review of court records and reports. Defendant
5  No.24 was rewarded for his participation in criminal activity with a promotion just
6  prior to the indictment and subsequent conviction of Defendant No.22. Plaintiff
7  No.1 strongly believes that the advancement in the career of Defendant No.24 to the
8  Pennsylvania Office of Attorney General was to further conceal the corrupt activity
9  within the Criminal Enterprise in which he has strict knowledge of and as of the
10 filing of this document, Defendant No.24 has taken no action whatsoever when he is
11 the individual in the absolute position to file the appropriate criminal charges.

12 137. Defendant No.24 has exposed his involvement in the criminal conspiracy by
13 and through his actions to protect the Criminal Enterprise and overt acts in direct
14 violation of 18 USC § 1589 by and through a written threat made directly to
15 Plaintiff No.1 via email on September 18, 2017 to abuse the legal process in an
16 attempt to silence my complaints. The entire record of the court, all sworn
17 statements, affidavits and all filed documents are attached hereto and incorporated
18 as though fully set forth within.

19 138. Defendant No.24 has willfully violated 18 Pa.CS § 5101 with criminal intent
20 to Obstruct Due Process and Obstruct Justice. The willful actions of Defendant
21 No.24 have impaired and perverted the administration of Law and Constitutional
22 rights. The entire record of the court, all sworn statements, affidavits and all filed
23 documents are attached hereto and incorporated as though fully set forth within.

24 139. Defendant No.24 has willfully violated 18 Pa.CS § 5301 with criminal intent
25 to violate Pa. Code, Obstruct Due Process and Obstruct Justice. Defendant No.24
26 has criminally conspired to commit Fraud Upon the Court, the record of the court,
27 all sworn statements, affidavits and all filed documents are attached hereto and
28 incorporated as though fully set forth within.

1     134. Defendant No.24 has willfully violated PA Law, PA Rules of Civil Procedure,
2    United States Constitution, Pennsylvania Constitution. The record of the court, all
3    sworn statements, affidavits and all filed documents are attached hereto and
4    incorporated as though fully set forth within. Defendant No.24 has willfully
5    interfered with the Due Process rights of Plaintiff No.1, Plaintiff No.3, and others.
6    The fatal errors committed have led to insurmountable damages and costs which
7    can be remedied by payment of $100,000.00 from the personal account of Brian
8    Zarallo. Plaintiff No.1 would have no objection to Defendant No.24 providing a
9    witness statement to this Court in exchange for immunity, if offered by the United
10   States Attorney, in lieu of damages.

11  **XXV. Defendant No.25-Thomas W. Wolf**

12    135. Thomas W. Wolf, Defendant No.25 is being sued in his official capacity as
13   Governor of the Commonwealth of Pennsylvania under 42 USC §§ 1983, 1985, 1986,
14   1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-
15   existence of any other adequate remedy to this matter. Unequivocal consent has
16   been given and a waiver of the Eleventh Amendment has been effectuated for this
17   matter to proceed in United States District Court.

18    136. Reports of wrongdoings by the Criminal Enterprise have been duly reported
19   to Defendant No.25 beginning in 2016 by and through official complaints and
20   reports by Plaintiff No.1. Defendant No.25 has refused to take any action
21   whatsoever due to his conflicts of interest and political constraints. The entire
22   record of court along with all complaints, reports, documentation and investigatory
23   evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3,
24   Defendant(s) No.4, that are related to this claim and claims related to the Criminal
25   Enterprise are fully set forth and evidenced herein for the record of this Court.

26    137. Declaratory relief is requested to obtain the personal and official assessment
27   of Defendant No.25 in this matter and determine the responsibilities and liability of
28   Defendant No.25 when presented with all evidence and facts of record.

## XXVI. Defendant No.26-Joshua D. Shapiro

138. Joshua D. Shapiro, Defendant No.26 is being sued in his official capacity as Attorney General of Pennsylvania under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

139. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.26 beginning in 2017 by and through official complaints and reports by Plaintiff No.1. Defendant No.26 has refused to take any action whatsoever due to his conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

140. Declaratory relief is requested to obtain the personal and official assessment of Defendant No.26 in this matter and determine the responsibilities and liability of Defendant No.26 when presented with all evidence and facts of record.

## XXVII. Defendant No.27-Sheila A. Woods-Skipper

141. Sheila A. Woods-Skipper, Defendant No.27 is being sued in her official capacity as President Judge under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

142. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.27 beginning in 2017 by and through official complaints and

reports by Plaintiff No.1. Defendant No.27 has refused to take any action whatsoever due to her conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

143. Defendant No.27 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her statement of record which places blame in her actions on the Administration of the Criminal Enterprise.

144. Declaratory relief is requested to obtain the personal and official assessment of Defendant No.27 in this matter and determine the responsibilities and liability of Defendant No.27 when presented with all evidence and facts of record.

**XXVIII. Defendant No.28-Walter J. Olszewski**

145. Walter J. Olszewski, Defendant No.28 is being sued in his official capacity as Supervising Judge under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

146. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.28 beginning in 2016 by and through official complaints and reports by Plaintiff No.1. Defendant No.28 has refused to take action due to his conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

147. Defendant No.28 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through his close personal relationship with Defendant No.8, Defendant No.9, Defendant No.10 and their families along with the case(s) of Judge Lyris Younge and her statement of record which places blame in her actions on the Administration of the Criminal Enterprise.

148. Declaratory relief is requested to obtain the personal and official assessment and personal nepotistic connections of Defendant No.28 in this matter and determine the responsibilities and liability of Defendant No.28 when presented with all evidence and facts of record.

## XXIX. Defendant No.29-Susan P. Gantman

149. Susan P. Gantman, Defendant No.29 is being sued in her official capacity as President Judge Emeritus of the Superior Court of Pennsylvania under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

150. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.29 beginning in 2015 by and through official complaints and reports by Plaintiff No.1. Defendant No.29 has refused to take action due to her conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

151. Defendant No.29 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her statement of record which places blame in her actions on the Administration of the Criminal Enterprise.

1    152. Declaratory relief is requested to obtain the personal and official assessment
2    of Defendant No.29 in this matter and determine the responsibilities and liability of
3    Defendant No.29 when presented with all evidence and facts of record.

4    **XXX. Defendant No.30-Kate Ford Elliot**

5    153. Kate Ford Elliot, Defendant No.30 is being sued in her official capacity as a
6    judge in the Superior Court of Pennsylvania under 42 USC §§ 1983, 1985, 1986,
7    1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-
8    existence of any other adequate remedy to this matter. Unequivocal consent has
9    been given and a waiver of the Eleventh Amendment has been effectuated for this
10    matter to proceed in United States District Court.

11    154. Reports of wrongdoings by the Criminal Enterprise have been duly reported
12    to Defendant No.30 beginning in 2015 by and through official complaints and
13    reports by Plaintiff No.1. Defendant No.30 has refused to take action due to her
14    conflicts of interest and political constraints. The entire record of court along with
15    all complaints, reports, documentation and investigatory evidence and notes held by
16    Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are
17    related to this claim and claims related to the Criminal Enterprise are fully set
18    forth and evidenced herein for the record of this Court.

19    155. Defendant No.30 has a full knowledge and understanding of the operations of
20    the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her
21    statement of record which places blame in her actions on the Administration of the
22    Criminal Enterprise.

23    156. Declaratory relief is requested to obtain the personal and official assessment
24    of Defendant No.30 in this matter and determine the responsibilities and liability of
25    Defendant No.30 when presented with all evidence and facts of record.

26

27

## XXXI. Defendant No.31-John L. Musmanno

157. John L. Musmanno, Defendant No.31 is being sued in his official capacity as a judge in the Superior Court of Pennsylvania under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

158. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.31 beginning in 2015 by and through official complaints and reports by Plaintiff No.1. Defendant No.31 has refused to take action due to his conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

159. Defendant No.31 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her statement of record which places blame in her actions on the Administration of the Criminal Enterprise.

160. Declaratory relief is requested to obtain the personal and official assessment of Defendant No.31 in this matter and determine the responsibilities and liability of Defendant No.31 when presented with all evidence and facts of record.

## XXXII. Defendant No.32-Victor P. Stabile

161. Victor P. Stabile, Defendant No.32 is being sued in his official capacity as a judge in the Superior Court of Pennsylvania under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has

1    been given and a waiver of the Eleventh Amendment has been effectuated for this
2    matter to proceed in United States District Court.

3    162. Reports of wrongdoings by the Criminal Enterprise have been duly reported
4    to Defendant No.32 beginning in 2015 by and through official complaints and
5    reports by Plaintiff No.1. Defendant No.32 has refused to take action due to his
6    conflicts of interest and political constraints. The entire record of court along with
7    all complaints, reports, documentation and investigatory evidence and notes held by
8    Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are
9    related to this claim and claims related to the Criminal Enterprise are fully set
10   forth and evidenced herein for the record of this Court.

11   163. Defendant No.32 has a full knowledge and understanding of the operations of
12   the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her
13   statement of record which places blame in her actions on the Administration of the
14   Criminal Enterprise.

15   164. Declaratory relief is requested to obtain the personal and official assessment
16   of Defendant No.32 in this matter and determine the responsibilities and liability of
17   Defendant No.32 when presented with all evidence and facts of record.

18   **XXXIII. Defendant No.33-Mary Jane Bowes**

19   165. Mary Jane Bowes, Defendant No.33 is being sued in her official capacity as a
20   judge in the Superior Court of Pennsylvania under 42 USC §§ 1983, 1985, 1986,
21   1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-
22   existence of any other adequate remedy to this matter. Defendant No.33 has acted
23   in direct violation of the Constitutional rights of Plaintiff No.1 in her willful denial
24   of Due Process rights on the record and obstruction of justice to conceal criminal
25   activity perpetrated by the Criminal Enterprise as evidenced directly before her by
26   and through irrefutable evidence of record. Unequivocal consent has been given and
27   a waiver of the Eleventh Amendment has been effectuated for this matter to
28   proceed in United States District Court.

166. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.33 beginning in 2019 by and through official complaints and reports by Plaintiff No.1. Defendant No.33 has refused to take action due to her conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

167. Defendant No.33 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her statement of record which places blame in her actions on the Administration of the Criminal Enterprise.

168. Declaratory relief is requested to obtain the personal and official assessment of Defendant No.33 in this matter and determine the responsibilities and liability of Defendant No.33 when presented with all evidence and facts of record.

## XXXIV. Defendant No.34-Mary P. Murray

169. Mary P. Murray, Defendant No.34 is being sued in her official capacity as a judge in the Superior Court of Pennsylvania under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Defendant No.34 has acted in direct violation of the Constitutional rights of Plaintiff No.1 in her willful denial of Due Process rights on the record and obstruction of justice to conceal criminal activity perpetrated by the Criminal Enterprise as evidenced directly before her by and through irrefutable evidence of record. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

170. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.34 beginning in 2019 by and through official complaints and

1   reports by Plaintiff No.1. Defendant No.34 has refused to take action due to her
2   conflicts of interest and political constraints. The entire record of court along with
3   all complaints, reports, documentation and investigatory evidence and notes held by
4   Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are
5   related to this claim and claims related to the Criminal Enterprise are fully set
6   forth and evidenced herein for the record of this Court.

7   171. Defendant No.34 has a full knowledge and understanding of the operations of
8   the Criminal Enterprise by and through the case(s) of Judge Lyris Younge and her
9   statement of record which places blame in her actions on the Administration of the
10   Criminal Enterprise.

11   172. Declaratory relief is requested to obtain the personal and official assessment
12   of Defendant No.34 in this matter and determine the responsibilities and liability of
13   Defendant No.34 when presented with all evidence and facts of record.

14   **XXXV. Defendant No.35-James F. Kenney**

15   173. James F. Kenney, Defendant No.35 is being sued in his official capacity as
16   Mayor of City of Philadelphia under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC
17   § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other
18   adequate remedy to this matter. Unequivocal consent has been given and a waiver
19   of the Eleventh Amendment has been effectuated for this matter to proceed in
20   United States District Court.

21   174. Reports of wrongdoings by the Criminal Enterprise have been duly reported
22   to Defendant No.35 beginning in 2015 by and through official complaints and
23   reports by Plaintiff No.1. Defendant No.35 has refused to take action due to his
24   conflicts of interest and political constraints. The entire record of court along with
25   all complaints, reports, documentation and investigatory evidence and notes held by
26   Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are
27   related to this claim and claims related to the Criminal Enterprise are fully set
28   forth and evidenced herein for the record of this Court.

175. Defendant No.35 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through the activity of his agencies of the DHS, Philadelphia Police Dept. and Philadelphia Sherriff's Office as well as the case(s) of Judge Lyris Younge and her statement of record which places blame in her actions on the Administration of the Criminal Enterprise. Defendant No.35 is well briefed of the problems that exist within his municipality and is obligated to take the corrective measures to put a stop to the criminal activity, that is if his known conflicts of interest with Defendant No.37 and other Defendants allow him to.

175. Declaratory relief is requested to obtain the personal and official assessment of Defendant No.35 in this matter and determine the responsibilities and liability of Defendant No.35 when presented with all evidence and facts of record.

## XXXVI. Defendant No.36-Lawrence S. Krasner

176. Lawrence S. Krasner, Defendant No.36 is being sued in his official capacity as District Attorney of Philadelphia under 42 USC §§ 1983, 1985, 1986, 1988 and 28 USC § 2201 as allowed under Fed.R.Civ.P. Rule 57 due to the non-existence of any other adequate remedy to this matter. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

177. Reports of wrongdoings by the Criminal Enterprise have been duly reported to Defendant No.36 beginning in 2018 by and through official complaints and reports by Plaintiff No.1. Defendant No.36 has refused to take action due to his conflicts of interest and political constraints. The entire record of court along with all complaints, reports, documentation and investigatory evidence and notes held by Defendant No.1, Defendant(s) No.2, Defendant No.3, Defendant(s) No.4, that are related to this claim and claims related to the Criminal Enterprise are fully set forth and evidenced herein for the record of this Court.

178. Defendant No.36 has a full knowledge and understanding of the operations of the Criminal Enterprise by and through the activity in the agencies of the DHS,

1    Philadelphia Police Dept. and Philadelphia Sherriff's Office as well as the case(s) of
2    Judge Lyris Younge and her statement of record which places blame in her actions
3    on the Administration of the Criminal Enterprise. Defendant No.36 is well briefed
4    of the problems that exist within his jurisdiction and is obligated to take the
5    corrective measures to put a stop to the criminal activity, that is if his known
6    conflicts of interest with Defendants allow him to.

7    179. Declaratory relief is requested to obtain the personal and official assessment
8    of Defendant No.36 in this matter and determine the responsibilities and liability of
9    Defendant No.36 when presented with all evidence and facts of record.

10   **XXXVII. Defendant No.37-John "Johnny Doc" Dougherty**

11   180. John "Johnny Doc" Dougherty, Defendant No.37 is being sued in his
12   individual capacity for his direct and indirect involvement with the establishment of
13   the Criminal Enterprise in violation of the Racketeer Influenced and Corrupt
14   Organizations Act (RICO) under Federal statutes 18 USC § 1962, 18 PaCS § 911 for
15   violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,
16   1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382
17   and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904,
18   3002-3004, 3923 as described herein with supporting evidence of record and
19   investigatory documentation.

20   181. Defendant No.37 has criminally conspired with his brother Defendant No.8,
21   Defendant No.9 and Defendant No.10 to establish the Criminal Enterprise by and
22   through the misappropriation of union funds and political influence to obtain
23   leverage and quid pro quo within the Philadelphia Court of Common Pleas with the
24   express intent to create an ability to influence and "fix" cases whenever the need
25   arrives. The factual basis of this assertion is found within the documentation and
26   evidence held by state and Federal investigators which provides details of the
27   financing and influence of the political campaigns of every judge involved in the
28   criminal activity that has been described in this Verified Complaint.

182. Defendant No.37 has been the most important element in the establishment of the Criminal Enterprise and has been the liaison between the Administration of the Criminal Enterprise and individuals who require manipulation and influence of the court system within Philadelphia and the Supreme Court of Pennsylvania. The ongoing Federal and state investigations and all evidence and documentation obtained are attached hereto and fully incorporated within this case for the proper commencement of Due Process in this matter of public interest.

183. The abuse of political power and misappropriation of union funds by Defendant No.37 has been the foundation which the Criminal Enterprise has used for the unprecedented and most reprehensible abuse of a court system ever perpetrated in the United States of America. The full magnitude and elements of the entire cause of action against Defendant No.37 is hereby reserved pending full discovery and submission of investigatory evidence that has been requested under FOIPA along with the record of court in all cases related to Defendant No.37 and the criminal activity for which he has been placed under indictment along with all other evidence of his involvement with officers of the court and named Defendants.

184. The damages and costs suffered by Plaintiff No.1 as a direct result of the racketeering activity of Defendant No.37 and the criminal conspiracy he has orchestrated to rig the court system in the Commonwealth of Pennsylvania can be remedied under the civil RICO statute with payment of $1,000,000.00 from the personal accounts of John "Johnny Doc" Dougherty.

## XXXIII. Defendant No.38-Gerald J. Pappert

185. Gerald J. Pappert, Defendant No.38 is being sued in his individual capacity for his direct willful violations of 28 USC § 455 and United States Constitution. Actions taken by Defendant No.38 while in the complete absence of all jurisdiction have resulted in implicating Defendant No.38 in violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under Federal statutes 18 USC § 1962, 18 PaCS § 911 for violations of law under Federal statutes 18 USC §§ 241,

242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennyvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923 as described herein with supporting evidence of record and investigatory documentation.

186. Evidence of record has established that clear conflicts of interest exist between Defendant No.38 and Defendant No.10, Defendant No. 19, Defendant No.1 and other to be discovered. Documentation of record, fact and knowledge of Federal investigators provide an irrefutable requirement of Law that Defendant No.38 had no legal right or authority to proceed in matters presented by Plaintiff No.1. The willful misconduct of Defendant No.38 is in fact a personal waiver of any immunity he may attempt to hide his unlawful actions behind. It is established legal precedent that when a judge acts in the complete absence of all jurisdiction, immunity does not exist. It is further stated for the record of this Court, the willful violations of Federal Law and the United States Constitution by Defendant No.38 is an act of Fraud Upon the Court as defined in the Third Circuit Court of Appeals.

187. Defendant No.38 has direct knowledge of the Title IV programs by and through his position in the office of Defendant(s) No.2 under Mike Fisher and up through the time Defendant No.38 was Pennsylvania Attorney General. It cannot be contested by Defendant No.38 that he has intimate knowledge of material facts surrounding Title IV funding and when that fact is viewed with the utter failure of Defendant No.38 to disqualify himself by Law, it becomes abundantly clear that Defendant No.38 is complicit in the unlawful activity of the Criminal Enterprise.

188. The damages and costs suffered by Plaintiff No.1 as a direct result of the clear violation of Federal Law  28 USC § 455 by Defendant No.38 along with his willful deprivation of the civil and Constitutional rights of Plaintiff No.1 can be remedied under the civil RICO statute with payment of $1,000,000.00 from the personal accounts of Gerald J. Pappert. Defendant No.38 may negotiate to reduce his liability by submitting his resignation along with a statement of his knowledge in this case.

**XXXIX. Defendant No.39-Dianne J. Fake**

189. Dianne J. Fake, Defendant No.39 is being sued in her individual capacity for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under Federal statutes 18 USC § 1962, 18 PaCS § 911 for violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923 as described herein with supporting evidence of record, investigatory documentation, testimony and discovery.

190. It has been irrefutably established for the record that Defendant No.39 has verified conflicts of interest which have been used to predetermine support and custody matters within the Criminal Enterprise which have been legally defined as overt acts of Fraud Upon the Court.

191. The damages and costs suffered by Plaintiff No.1 as a direct result of the overt criminal acts of Defendant No.39 can be remedied under the civil RICO statute with payment of $100,000.00 from the personal account of Dianne J. Fake.

**XXXX. Defendant(s) No.40-John and Mary Clark**

192. John and Mary Clark, Defendant(s) No.40 are being sued in their individual capacity for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under Federal statutes 18 USC § 1962, 18 PaCS § 911 for violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923 as described herein with supporting evidence of record, investigatory documentation, testimony and discovery.

193. It has been irrefutably established for the record that Defendant(s) No.40 have verified conflicts of interest which have been used to predetermine support

1   and custody matters within the Criminal Enterprise which have been legally
2   defined as overt acts of Fraud Upon the Court.

3   194. The damages and costs suffered by Plaintiff No.1 as a direct result of the
4   overt criminal acts of Defendant(s) No.40 can be remedied under the civil RICO
5   statute with payment of $50,000.00 from the personal accounts of John and Mary
6   Clark.

7   **XXXXI. Defendant No.41-Sarah R. Katz**

8   195. Sarah R. Katz, Defendant No.41 is being sued in her individual capacity and
9   as a professional law firm that has aided and abetted the Criminal Enterprise
10  under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d,
11  2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights
12  under color of law and willful violations of law under Federal statutes 18 USC §§
13  241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584,
14  1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS
15  §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with
16  supporting evidence of record and investigatory documentation. Immunity for
17  Defendant No.41 is non-existent unless offered by a United States Attorney.

18  196. Defendant No.41 has been provided to Defendant No.39 for the purpose of
19  legal representation in an attempt to conceal the criminal activity of the Criminal
20  Enterprise. The Criminal Enterprise has provided funding to Temple Legal Aid,
21  where Defendant No.41 is employed, through grants and quid pro quo.

22  197. It can be established for the record that Defendant No.41 maintains conflicts
23  of interest with named Defendants that would have precluded her from
24  representing Defendant No.39 at the expense of the Criminal Enterprise.

25  198. The damages and costs suffered by Plaintiff No.1 as a direct result of actions
26  by Defendant No.41 can be remedied under the civil RICO statute with payment of
27  $10,000.00 from the personal account of Sarah R. Katz.

## XXXXII. Defendant No.42-Allyson Totaro

199. Allyson Totaro, Defendant No.42 is being sued in her individual capacity and as a professional law firm that has aided and abetted the Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Immunity for Defendant No.42 is non-existent unless offered by a United States Attorney.

200. Defendant No.42 is the officer of court that initiated this Fraud Upon the Court with the full knowledge and understanding that influence and fraud would be used to predetermine the outcome of matters involving Defendant No.39.

201. Defendant No.42 has verified conflicts of interest with named Defendants which have been used to advance her career. The entire record of the court and all investigatory documentation is attached and fully incorporated within.

202. The damages and costs suffered by Plaintiff No.1 as a direct result of actions by Defendant No.42 can be remedied under the civil RICO statute with payment of $100,000.00 from the personal account of Allyson Totaro. Defendant No.42 may negotiate to reduce her liability by submitting to voluntary disbarment along with a written statement of her knowledge in this case.

## XXXXIII. Defendant No.43-Erik J. Conrad

203. Erik J. Conrad, Defendant No.43 is being sued in his individual capacity and as a professional law firm that misrepresented the interests of Plaintiff No.1 and aided and abetted the Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS §

911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Immunity for Defendant No.43 is non-existent unless offered by a United States Attorney.

204. Defendant No.43 has been a material witness to the criminal activity which has occurred in the Criminal Enterprise and has failed to properly protect the civil and Constitutional rights of his client, Plaintiff No.1. Statements made by Defendant No.43 on the record confirm his personal knowledge of the criminal activity in this case and through his willful failure to act under his legal code of ethics his complicity with the Criminal Enterprise has been established.

205. January 26, 2020, Defendant No.43 threatened bodily harm to Plaintiff No.1 when he was confronted with facts and the direction that this case was leading.

206. The damages and costs suffered by Plaintiff No.1 as a direct result of the misrepresentation and complicity of Defendant No.43 can be remedied under the civil RICO statute with payment of $186,300.00 from personal accounts of Erik J. Conrad. Defendant No.43 may negotiate to reduce his liability by submitting to voluntary disbarment along with a written statement of his knowledge in this case.

**XXXXIV. Defendant No.44-Karen A. Ulmer**

207. Karen A. Ulmer, Defendant No.44 is being sued in her individual capacity and as a professional law firm that misrepresented the interests of Plaintiff No.1 and aided and abetted the Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382

1   and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004,

2   3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of

3   record and investigatory documentation. Immunity for Defendant No.44 is non-

4   existent unless offered by a United States Attorney.

5   208. Defendant No.44 has verified conflicts of interest with named Defendants

6   which have been used to advance her career. The entire record of the court and all

7   investigatory documentation is attached and fully incorporated within.

8   209. The damages and costs suffered by Plaintiff No.1 as a direct result of actions

9   by Defendant No.44 can be remedied under the civil RICO statute with payment of

10   $10,000.00 from the personal account of Karen A. Ulmer.

11   **XXXXV. Defendant No.45-Russell J. Manning**

12   210. Russell J. Manning, Defendant No.45 is being sued in his individual capacity

13   for misrepresenting the interests of Plaintiff No.1 and has aided and abetted the

14   Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985,

15   1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful

16   deprivation of rights under color of law and willful violations of law under Federal

17   statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343,

18   1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of

19   Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101,

20   5111, 5301 as described herein with supporting evidence of record and investigatory

21   documentation. Immunity for Defendant No.45 is non-existent.

22   211. Defendant No.45 was fully briefed with documents of record and proceeded to

23   accept the case when his boss maintained conflicts. Defendant No.45 participated in

24   an unlawful act of extortion and utterly failed to perform his duties.

25   212. The damages and costs suffered by Plaintiff No.1 as a direct result of the

26   misrepresentation by Defendant No.45 can be remedied under the civil RICO

27   statute with payment of $6,000.00 from the personal account of Russell J. Manning.

1        **STATEMENT OF CLAIM, Plaintiff No.2, Susan B. Fake**

2        1. Plaintiff No.2, Susan B. Fake, a United States Citizen has had her civil,

3        Constitutional and Unalienable rights infringed upon by named Defendants under

4        color of Law which has subsequently caused serious injury to her health, liberties

5        and pursuit of happiness. This claim involves Federal questions by way of the

6        willful deprivation of rights protected under the United States Constitution and

7        Federal Law by named Defendants.

8        2. It has been irrefutably established for the record that conflicts of interest exist

9        within the Administration of the Criminal Enterprise which directly link Defendant

10       No.9 and Defendant No.10 to Defendant No.39 and Defendant(s) No.40 through

11       close family relationships which have been used to predetermine matters in direct

12       violation of the Constitutional rights of Plaintiff No.2. Sworn affidavit(s) of record

13       which have never been contested are evidenced herein.

14       3. Plaintiff No.2 has been first hand witness to the corrupt activity of the

15       Criminal Enterprise throughout the years 2004 to the present date and time.

16       4. Plaintiff No.2 has suffered infringements of liberty and her irreversible

17       damages and loss of personal property due to the actions of the Criminal

18       Enterprise.

19       5. 6. Plaintiff No.2 is entitled to restitution for the damages created by the

20       unlawful actions of the Criminal Enterprise in direct violation of her civil and

21       Constitutional rights as evidenced within the record of court.

22                                    **CAUSES OF ACTION**

23       **I. Defendant No.1-Commonwealth of Pennsylvania**

24       1. The Commonwealth of Pennsylvania, Defendant No.1 is being sued under 18

25       USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443.

26       Unequivocal consent has been given and a waiver of the Eleventh Amendment has

27       been effectuated for this matter to proceed in United States District Court.

2. Defendant No.1 has failed to take appropriate action to protect the civil and Constitutional rights of Plaintiff No.2 after being duly notified of the activity within the Criminal Enterprise.

3. Plaintiff No.2 avers all statements made by Plaintiff No.1 that pertain to the violations of law and rights that have directly affected Plaintiff No.2 and those statements are set forth and fully incorporated within this cause of action

4. Plaintiff No.2 has suffered irreversible damages and severe emotion distress as a direct result the dereliction of duties by Defendant No.1. The pain and suffering inflicted upon Plaintiff No.2 can be compensated by restitution in the amount of $250,000.00.

## II. Defendant(s) No.5/Criminal Enterprise, Phila. Court of Common Pleas

5. The Criminal Enterprise is an established criminal organization which has been used as a human trafficking enterprise under the guise of a court of common pleas and defined under 22 USC § 7102, 18 PaCS § 911, 18 PaCS §§ 3002, 3003, 3004 related to trafficking of persons. Any defense normally used would not apply to this unprecedented case due to the legal fact that the overt criminal acts described herein could not have taken place without the use and abuse of the authority empowered to named Defendants through positions within the Criminal Enterprise.

6. The Criminal Enterprise has engaged in a pattern of extortion and debt peonage which has effectively resulted in the loss of real estate and personal property of Plaintiff No.2 in her efforts to prevent the unlawful incarceration and blatant civil and Constitutional rights of her son, Plaintiff No.1.

7. The Criminal Enterprise has abused its authority and has willfully violated the civil and Constitutional rights of Plaintiff No.2 during an unlawful search and seizure at the residence of Plaintiff No.2, Plaintiff No.1 and Plaintiff No.3 on the date of August 13, 2005 in a pattern of racketeering activity and human trafficking in their denial of Due Process rights in the custody case of my grandchildren.

### III. Defendant No.39, Dianne J. Fake

8. Dianne J. Fake, Defendant No.39 is being sued in her individual capacity for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under Federal statutes 18 USC § 1962, 18 PaCS § 911 for violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923 as described herein with supporting evidence of record, investigatory documentation, testimony and discovery.

9. Defendant No.39 has engaged in a pattern of racketeering activity by using her connections and influence with corrupted court officials that have been established on the record as having conflicts of interest. Plaintiff No.2 has personal knowledge and has been witness to the relationships Defendant No.39 and her family have with the powerful and corrupt officials in the City of Philadelphia. Defendant No.39 has established a pattern of targeting families with financial resources as evidenced in her 29 day marriage to David Kiewlak which resulted in financial gains for Defendant No.39 prior to the targeting of Plaintiff No.1.

10. Defendant No.39 convinced Plaintiff No.1 to add her name to the title of a home owned by Plaintiff No.1 and Plaintiff No.2 prior to divorce and proceeded to leave the marriage with the cash proceeds from the sale of the home without satisfying her obligation to Plaintiff No.2 in the amount of $20,000.00.

11. Defendant No.39 has created severe emotional distress and financial damage through her criminal conspiracy with the Criminal Enterprise, notwithstanding the harm she has inflicted upon her own children through parental alienation and alienation of family. The loss of property and pain and suffering attributable to the wrongful actions of Defendant No.39 can be remedied by the payment of $60,000.00 from the personal account of Dianne J. Fake.

## STATEMENT OF CLAIM, Plaintiff No.3, Caitlin B. Fake

1. Plaintiff No.3, Caitlin B. Fake, a United States Citizen has had her civil, Constitutional and Unalienable rights infringed upon by named Defendants under color of Law which has subsequently caused serious injury to her health, liberties and pursuit of happiness. This claim involves Federal questions by way of the willful deprivation of rights protected under the United States Constitution and Federal Law by named Defendants.

2. It has been irrefutably established for the record that conflicts of interest exist within the Administration of the Criminal Enterprise which directly link Defendant No.9 and Defendant No.10 to Defendant No.39 and Defendant(s) No.40 through close family relationships which have been used to predetermine matters in direct violation of the Constitutional rights of Plaintiff No.3. Sworn affidavit(s) of record which have never been contested are evidenced herein.

3. Plaintiff No.3 has direct personal knowledge of the relationships between Defendant No. 9 and Defendant No. 10 with Defendant No. 39 and Defendant(s) No.40 and has been personal witness to the influence asserted used to predetermine the outcome of proceedings through the commission of Fraud Upon the Court.

4. Plaintiff No.3 has been willfully denied her Constitutional guarantees by and through the actions of Defendant No.9 and Defendant No.14 during the commission of Fraud Upon the Court.

5. Plaintiff No.3 is a victim of human trafficking by the Criminal Enterprise when she was forced against her will and removed from the custody of her father, Plaintiff No.1 on August 9, 2017.

6. Plaintiff No.3 is entitled to restitution for the damages created by the unlawful actions of the Criminal Enterprise in direct violation of her civil and Constitutional rights as evidenced within the record of court.

## CAUSES OF ACTION

### I. Defendant No.1, Commonwealth of Pennsylvania

1. The Commonwealth of Pennsylvania, Defendant No.1 is being sued under 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443. Unequivocal consent has been given and a waiver of the Eleventh Amendment has been effectuated for this matter to proceed in United States District Court.

2. Defendant No.1 has failed to take appropriate action to protect the civil and Constitutional rights of Plaintiff No.3 after being duly notified of the activity within the Criminal Enterprise.

3. Plaintiff No.3 avers all statements made by Plaintiff No.1 that pertain to the violations of law and rights that have directly affected Plaintiff No.3 and those statements are set forth and fully incorporated within this cause of action.

4. Plaintiff No.3 has suffered irreversible damages and severe emotion distress as a direct result the dereliction of duties by Defendant No.1. The pain and suffering inflicted upon Plaintiff No.3 can be compensated by restitution in the amount of $1,000,000.00.

### II. Defendant No.9, Margaret T. Murphy

5. Margaret T. Murphy, Defendant No.9 is being sued in her individual and official capacity as the Administrative Judge of the Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 PaCS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001, 1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 PaCS §§ 903, 911, 2901, 2904, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Judicial immunity

for Defendant No.9 has been waived and consent has been given for this matter to be resolved in Federal Court. The asserted acts of fraud which are evidenced within the record show overt acts of fraud have been used to obtain Federal funding which falls under legal precedent for this matter to proceed against the Criminal Enterprise, Defendant No.9 and all other Defendants named and un-named who have taken part in the scheme to defraud the United States Government, notwithstanding consent and waiver by Defendant No.1 and Defendant(s) No.6.

6. Plaintiff No.3 avers all statements made by Plaintiff No.1 that pertain to the violations of law and rights that have directly affected Plaintiff No.3 and those statements are set forth and fully incorporated within this cause of action.

7. Plaintiff No.3 has personal knowledge and observations of Defendant No.39 and Defendant(s)No.40, using their close relationship and connections with the Defendant No.10 and the Murphy family to their full advantage to control the outcome of this custody case and commit fraud. Plaintiff No.3 personally knows that Defendant No.40, Mary Clark is the closest of friends with Marge Murphy and they communicate regularly.

8. Defendant No.9 has caused irreversible damages and severe emotion distress as a direct result the willful deprivation of civil and Constitutional rights by Defendant No.9. The pain and suffering inflicted upon Plaintiff No.3 as a direct result of the actions of Defendant No.9, can be compensated by restitution in the amount of $100,000,00.

## III. Defendant No.14-Diane R. Thompson

9. Diane R. Thompson, Defendant No.14 is being sued in her individual and official capacity as a judge in the Criminal Enterprise under Federal statutes 18 USC § 1962, 42 USC §§ 1983, 1985, 1986, 1988, 2000d, 2000h-2, 28 USC § 1443 and 18 Pa.CS § 911 for the willful deprivation of rights under color of law and willful violations of law under Federal statutes 18 USC §§ 241, 242, 286, 287, 371, 1001,

1002, 1003, 1031, 1341, 1343, 1505, 1510, 1581, 1584, 1589, 1951, 1961-1968, 2382 and Commonwealth of Pennsylvania statutes 18 Pa.CS §§ 903, 911, 3002-3004, 3923, 4902, 4903, 5101, 5111, 5301 as described herein with supporting evidence of record and investigatory documentation. Judicial immunity for Defendant No.14 has been waived and consent has been given for this matter to be resolved in Federal Court. The asserted acts of fraud which are evidenced within the record show overt acts of fraud have been used to obtain Federal funding which falls under legal precedent for this matter to proceed against the Criminal Enterprise, Defendant No.14 and all other Defendants named and un-named who have taken part in the scheme to defraud the United States Government, notwithstanding the consent and waiver on record given by Defendant No.1 and Defendant(s) No.6.

10. Plaintiff No.3 avers all statements made by Plaintiff No.1 that pertain to the violations of law and rights that have directly affected Plaintiff No.3 and those statements are set forth and fully incorporated within this cause of action.

11. Defendant No.14 has willfully violated the civil and Constitutional rights of Plaintiff No.3 by and through her direct involvement in the denial of Due Process rights and Equal Protections of Law as a direct result of influence and Fraud Upon the Court with the conflicted Defendant No.9 even after Defendant No.14 was made aware of the fact on the record that a fraud was being committed. It is wholly due to the actions of Defendant No.14 that the life of Plaintiff No.3 was irretrievably altered against her will. The damage that has been done by Defendant No.14 can never be repaired or compensated to the extent that the actions of Defendant No.14 can be pardoned.

12. The unlawful and unethical actions of Defendant No.14 in direct violation of her sworn oath of office and oath to the Constitution cannot be justified. Plaintiff No.3 requires that Defendant No.14 immediately resign so she can never harm another child again in lieu of an attempt to compensate the damages she has caused in the amount in excess of $500,000.00.

## SUMMARY AND PRAYER FOR RELIEF

Plaintiffs have brought before this Court an unprecedented prima facie case that has an ongoing impact on the entire population of the Commonwealth of Pennsylvania as provided in the facts of record presented to this Court that the system of judicial corruption involving named Defendants has been allowed to continue with no oversight from the parties responsible for the protection of the rights of citizens in the Commonwealth of Pennsylvania in direct violation of Constitutional guarantees. It has been established for this Court that the issues and Federal questions raised mandate that a decision be rendered by this Court which demobilizes the ongoing threat to the Constitution of the United States and the integrity of the judicial system in the Commonwealth of Pennsylvania. Plaintiffs have exceeded the legal requirements and standards which ensure that this case proceeds with full respect to Due Process rights of all parties named and unnamed.

**WHEREFORE,** Plaintiff(s) Brandon L. Fake, Susan B. Fake and Caitlin B. Fake respectfully pray for the requested relief from this Honorable Court:

A. to proceed with discovery and trial by jury on the matters in controversy and of Federal questions raised in this complaint, for appropriate preemptive relief, declaratory relief and further decide any supplementary matters; and

B. entry of a favorable finding on all claims against Defendants and provide civil remedies permitted under 18 USC § 1964, 42 USC §§ 1983, 1985, 1986, 1988 and all other applicable statutes; for an award of damages plus costs in an amount no less than $9,968,600.00 plus any other equitable relief determined by the evidence at trial by jury; and

C. an order of Court providing protection of the Plaintiff(s) from any and all acts of retaliation from Defendants and anyone associated in this case; and

D. any other relief this Honorable Court deems just and equitable.

## VERIFICATION Of Plaintiff No.1, Brandon L. Fake

I, Brandon L. Fake, Plaintiff No.1, hereby give verification under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Date: <u>February 29, 2020</u>        Plaintiff No.1 _Brandon L. Fake_

                                     Brandon L. Fake

## VERIFICATION Of Plaintiff No.2, Susan B. Fake

I, Susan B. Fake, Plaintiff No.2, hereby give verification under penalty of perjury
under the laws of the United States of America that the foregoing is true and
correct to the best of my knowledge and belief.

Date: <u>February 29, 2020</u>          Plaintiff No.2 _____

                                                Susan B. Fake

## <u>VERIFICATION Of Plaintiff No.3, Caitlin B. Fake</u>

I, Caitlin B. Fake, Plaintiff No.3, hereby give verification under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Date: <u>February 29, 2020</u>        Plaintiff No.3 _____

                                                        Caitlin B. Fake

Brandon L. Fake
4840 Redwood Drive
Sheffield Lake, OH 44054
(303) 506-9910

February 29, 2020

Clerk of Court
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RE:  Civil RICO filing

To whom it may concern,

The enclosed documents are presented for filing and to be time stamped as received on March 2, 2020 through delivery via Express Mail, USPS consisting of two separate package envelopes. Please time stamp and return the three copies enclosed with prepaid postage and the proper summons for service.

All required forms are enclosed and a request is made for the issuance of summons for named Defendants without delay so service can be made in accordance with Federal Rules of Civil Procedure, Rule 4 (a),(b),(c)(1),(e)(1)(2)(B). It is further requested that given the magnitude of this matter, the clerk handle this matter in an expedited manner to ensure proper Due Process. Please be certain that there are no delays or mishandling of this matter.

Thank you and I can be reached by phone 303-506-9910 or by email at brandonleefake73@ gmail.com.

Sincerely,

Brandon L. Fake

Brandon L. Fake


cc: DOJ

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brandon L. Fake, Susan B. Fake, Caitlin B. Fake

## DEFENDANTS
Commonwealth of Pennsylvania, City of Philadelphia, et al

**(b)** County of Residence of First Listed Plaintiff    Lorain, OH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
4840 Redwood Dr. Sheffield Lake OH 44054
303-506-9910

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
18 USC 1962, 1964, 42 USC 1983, 1985, 1986, 1988
Brief description of cause
RICO, Civil and Constitutional rights, Federal Law violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 9,968,600.00

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   02/29/2020

SIGNATURE OF ATTORNEY OF RECORD
Brandon L. Fake    *Brandon L. Fake*

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

BRANDON L. Fake, et. al.     :          CIVIL ACTION

v.                           :

Commonwealth of Pennsylvania, et. al :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus   Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security · Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos ·· Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          (√)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 2/29/2020 | BRANDON L. Fake | Constitutional Rights |
| Date | Private Attorney~~-at-law~~ general | Attorney for |
| 303-506-9910 | | brandonleefake73@gmail.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _4840 Redwood Drive, Sheffield Lake, OH 44054_

Address of Defendant: _see attached list_

Place of Accident, Incident or Transaction: _Philadelphia County, Pennsylvania_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ✔ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ✔ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ✔ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ✔ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 02/29/2020 _Brandon L. Fake_ _____
*(must sign here)* *Attorney-at-Law / Pro Se Plaintiff* *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1 | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1 | Insurance Contract and Other Contracts |
| ☐ 2 | FELA | ☐ 2 | Airplane Personal Injury |
| ☐ 3 | Jones Act-Personal Injury | ☐ 3 | Assault, Defamation |
| ☐ 4 | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5 | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6 | Other Personal Injury *(Please specify)* _____ |
| ☐ 7. | Civil Rights | ☐ 7 | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8 | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9 | All other Diversity Cases |
| ☐ 10 | Social Security Review Cases | | *(Please specify)* _____ |
| ☑ 11 | All other Federal Question Cases *(Please specify)* RICO Act, 42 USC 1983, 1985, 1986, 198? | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _Brandon L. Fake_, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs·

☑ Relief other than monetary damages is sought

DATE 02/29/2020 _Brandon L. Fake_ _____
*(sign here if applicable)* *Attorney-at-Law / Pro Se Plaintiff* *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# PARTIES

## Plaintiffs

1. Brandon L. Fake
4840 Redwood Drive
Sheffield Lake, OH 44054

2. Susan B. Fake
4840 Redwood Drive
Sheffield Lake, OH 44054

3. Caitlin B. Fake
3319 Ancona Road
Philadelphia, PA 19154

## Defendants

1. Commonwealth of Pennsylvania
508 Main Capitol Building
Harrisburg, PA 17120

2. PA Office of Attorney General
Strawberry Square
Harrisburg, PA 17120

3. City of Philadelphia
City Hall, Office 215
Philadelphia, PA 19107

4. Philadelphia District Attorneys Office
3 Penn Square
Philadelphia, PA 19107

5. Philadelphia Court of Common Pleas
1501 Arch Street
Philadelphia, PA 19102

6. Supreme Court of Pennsylvania
601 Commonwealth Ave., Suite 1500
Harrisburg, PA 17106

7. Superior Court of Pennsylvania
530 Walnut St., Suite 315
Philadelphia, PA 19106

8. Kevin M. Dougherty
468 City Hall
Philadelphia, PA 19107

9. Margaret T. Murphy
1501 Arch Street, 14th Floor
Philadelphia, PA 19102

10. Patrick J. Murphy
6414 N Radcliffe St.
Bristol, PA 19007

11. Holly J. Ford
1501 Arch Street, Suite 1560
Philadelphia, PA 19102

12. Joel S. Johnson
1501 Arch Street, Suite 1418
Philadelphia, PA 19102

13. Maria C. McLaughlin
530 Walnut St., Suite 315
Philadelphia, PA 19106

14. Diane R. Thompson
1501 Arch Street, Suite 1430
Philadelphia, PA 19102

15. Daniel R. Sulman
1500 Walnut Street, Suite 2000
Philadelphia, PA 19102

16. Wayne M. Bennett
1501 Arch Street, 13th Floor
Philadelphia, PA 19102

17. Anita N. Botchway
1501 Arch Street, 13th Floor
Philadelphia, PA 19102

18. William H. Ketterlinus
    1501 Arch Street, 13th Floor
    Philadelphia, PA 19102

19. Robert A. Graci
    506 Deubler Road
    Camp Hill, PA 17011

20. Judicial Conduct Board of PA
    601 Commonwealth Ave., Suite 3500
    Harrisburg, PA 17120

21. Martha Gale
    1515 Market Street, Suite 1414
    Philadelphia, PA 19102

22. Rufus Seth Williams, #75926-066
    FCI Morgantown
    446 Greenbag Road, Route 857
    Morgantown, WV 26501

23. Gerald Rocks
    3 Penn Square
    Philadelphia, PA 19107

24. Brian Zarallo
    1000 Madison Ave., Suite 310
    Norristown, PA 19403

25. Thomas W. Wolf
    508 Main Capitol Building
    Harrisburg, PA 17120

26. Joshua D. Shapiro
    Strawberry Square
    Harrisburg, PA 17120

27. Sheila A. Woods-Skipper
    392 City Hall
    Philadelphia, PA 19107

28. Walter J. Olszewski
    1501 Arch Street, 14th Floor
    Philadelphia, PA 19102

29. Susan P. Gantman
    530 Walnut St., Suite 315
    Philadelphia, PA 19106

30. Kate Ford Elliot
    530 Walnut St., Suite 315
    Philadelphia, PA 19106

31. John L. Musmanno
    530 Walnut St., Suite 315
    Philadelphia, PA 19106

32. Victor P. Stabile
    530 Walnut St., Suite 315
    Philadelphia, PA 19106

33. Mary Jane Bowes
    530 Walnut St., Suite 315
    Philadelphia, PA 19106

34. Mary P. Murray
    530 Walnut St., Suite 315
    Philadelphia, PA 19106

35. James F. Kenney
    City Hall, Office 215
    Philadelphia, PA 19107

36. Lawrence S. Krasner
    3 Penn Square
    Philadelphia, PA 19107

37. John "Johnny Doc" Dougherty
    1719 Spring Garden St.
    Philadelphia, PA 19130

38. Gerald J. Pappert
    601 Market Street, Room 5614
    Philadelphia, PA 19106

39. Dianne J. Fake
    3319 Ancona Road
    Philadelphia, PA 19154

2

40. John and Mary Clark
    3614 Nanton Terrace
    Philadelphia, PA 19154

41. Allyson Totaro
    1147 Easton Road
    Abington, PA 19001

42. Erik J. Conrad
    2550 Brodhead Road
    Bethlehem, PA 18020

43. Karen A. Ulmer
    174 Middletown Blvd. #300
    Langhorne, PA 19047

44. Russell J. Manning
    174 Middletown Blvd. #300
    Langhorne, PA 19047

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

1007 19106

U.S. POSTAGE PAID
PME 2-Day
CLEVELAND, OH
44101
FEB 29, 20
AMOUNT
**$26.35**
R2304E106077-50

UNITED STATES POSTAL SERVICE.

**PRIORITY® MAIL EXPRESS**

This envelope is made from post-consumer waste. Please recycle - again.

X-RAY

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE: 330-222-9910
Brandon L. Face
4840 Roland Dr
Sheffield Lake, OH 44054

**PAYMENT BY ACCOUNT (if applicable)**

**DELIVERY OPTIONS (Customer Use Only)**

☒ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☒ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE:
Clerk of Court
US District Court
601 Market Street
Phila, PA
ZIP + 4® (U.S. ADDRESSES ONLY)
19106

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

EL522709360US

UNITED STATES POSTAL SERVICE® | PRIORITY ★ MAIL ★ EXPRESS™

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day ☒ 2-Day ☐ Military ☐ DPO

| | | | |
|---|---|---|---|
| PO ZIP Code: 44101 | Scheduled Delivery Date (MM/DD/YY): 3/2 | Postage: $ | |
| Date Accepted (MM/DD/YY): 2/29 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee: $ | COD Fee: $ |
| Time Accepted: 3 / ☐ AM ☒ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ | Live Animal Transportation Fee: $ |
| Weight: 2 lbs. / ozs. ☐ Flat Rate | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ | |
| | Acceptance Employee Initials | $ | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| | | | |
|---|---|---|---|
| Delivery Attempt (MM/DD/YY): 3/2/20 | Time: 1150 | ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, SEPTEMBER 2015 PSN 7690-02-000-9996 3-ADDRESSEE COPY

UNITED STATES POSTAL SERVICE

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select international destinations. See DMM and IMM at pe.usps.com for complete details.
† Money Back Guarantee for U.S. destinations only.
* For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 4 lbs.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018; All rights reserved.

