# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON L. FAKE, *et al.*, | : | Civil No. 2:20-CV-01283 |
| Plaintiffs, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are motions for default judgment against Allyson Totaro ("Totaro") and Dianne J. Fake ("Dianne Fake"). (Docs. 204, 205.) For the reasons that follows, the motions for default judgment will be denied as moot and this case closed.

### BACKGROUND

This case was initiated by Plaintiffs Brandon L. Fake, Susan B. Fake, and Caitlin B. Fake (collectively, "Plaintiffs") filing a complaint on March 2, 2020. (Doc. 1.) Numerous motions were filed and the complaint was dismissed without prejudice. (Doc. 58.) On January 29, 2021, Plaintiffs filed an amended complaint against forty-two defendants, including Totaro and Dianne Fake. (Doc. 63.) On March 31, 2023, the court ruled on motions to dismiss the amended complaint, and dismissed some Defendants from this action with prejudice and dismissed all claims as to Caitlin B. Fake. (Docs. 162–172.) However, the court granted

1

Plaintiffs leave to file a second amended complaint in compliance with the court's rulings. (Docs. 167–171.)

On January 16, 2024, Plaintiffs moved for entry of default under Federal Rule of Civil Procedure 55(a) against Totaro and Dianne Fake. (Doc. 186.) The court granted the entry of default on January 18, 2024. (Doc. 190.)

On May 20, 2024, Plaintiffs timely filed a second amended complaint. (Doc. 199.) Because the second amended complaint failed to comply with the court's orders, it was stricken from the record on May 22, 2024, however, leave was granted to file a proper third amended complaint. (Doc. 203.) On June 2, 2024, prior to filing the third amended complaint, Plaintiffs filed the instant motions for default judgment against Totaro and Dianne Fake. (Docs. 204, 205.) Then, on June 11, 2024, Plaintiffs filed a third amended complaint. (Doc. 207-1.) The third amended complaint contains ten counts against the following individuals: Patrick J. Murphy, Anita M. Botchway, William H. Ketterlinus, Wayne M. Bennett, Rufus Seth Williams, Gerald Rocks, John Dougherty, John Clark, Mary Clark, and Erik J. Conrad. (*See id.*) Although the third amended complaint contains references to Totaro and Dianne Fake, it does not list either as a defendant or include any counts against them. (*See id.*)

## DISCUSSION

Plaintiff Brandon Fake requests the entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Totaro and entry of a "sum certain of $250,000.00 plus costs in the amount of $5,000 for failure to defend against this action," and a writ of execution. (Doc. 204, p. 1.) Plaintiffs similarly request entry of default judgment under Rule 55(b)(2) for a "sum certain of $180,000.00 plus costs in the amount of $500.00 for failure to defend against this action," and a writ of execution. (Doc. 205, p. 1.) The court need not determine whether entry of default judgment is proper because there are no pending claims against Totaro and Dianne Fake.

It is well settled that an amended complaint "supersedes the original and renders it of no legal effect." *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (quoting *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996)). Once an amended complaint is filed, "the original complaint no longer performs any function the case." *U.S. ex rel. SimplexGrinnell, LP v. Aegis Inc. Co.*, No. 08-cv-1728, 2009 WL 577286, at *1 (M.D. Pa. Mar. 5, 2009) (citations omitted). Courts within the Third Circuit have found it appropriate to set aside an entry of default granted on a prior complaint once a subsequent complaint is filed. *See Huertas v. TransUnion, LLC*, No. 2009 WL 10690329, at *2 (D.N.J. Nov. 10,

2009) (setting aside the entry of default on the first amended complaint after the second amended complaint was filed); *SimplexGrinnell*, 2009 WL 577286 at *2 (collecting cases and denying the motion for default judgment as moot "because the original complaint upon which the motion for default judgment relied no longer exists").

Here, entry of default was requested on January 16, 2024, and granted on January 18, 2024. (Docs. 186, 190.) Both actions occurred prior to the filing of the second and third amended complaints on May 20, 2024, and June 11, 2024. (Docs. 199, 207-1.) Neither the second nor third amended complaints list Totaro or Dianne Fake as defendants or assert any causes of action against them. (*See* Docs. 199, 207-1.) Accordingly, the court will deny the motions for default judgment as moot. Further, because the court has granted motions to dismiss with prejudice for all other named Defendants in this case, there are no claims remaining in this case. Thus, the case will be closed.

## CONCLUSION

For the reasons stated herein, the court will deny the motions for default judgment and close this case.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: March 31, 2025